### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

---

Edward Schwartz, on behalf of himself
and others similarly situated,

             Plaintiff,

      vs.

Avis Rent A Car System, LLC,

          Defendant.

---

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.  11-4052(JLL)

**FIRST AMENDED
CLASS-ACTION COMPLAINT**

## INTRODUCTION

Edward Schwartz, on behalf of himself and others similarly situated, brings this action to obtain damages from and injunctive relief against Avis Rent A Car System LLC for charging him and class members hidden surcharges for frequent-flyer miles or rewards points earned from Avis's travel partners in connection with their rental-car agreements.

## PARTIES

1.      Plaintiff, Edward Schwartz, is a citizen of Ohio, residing at 5060 Crofton Road, Solon, Ohio 44139. During the class period, Avis charged Schwartz and Schwartz paid Avis a hidden surcharge for frequent-flyer miles he earned from an Avis travel partner in connection with his rental-car agreement.

2.      Defendant, Avis Rent A Car System, LLC, is a Delaware general limited liability company with world headquarters located at 6 Sylvan Way, Parsippany, NJ 07054. Avis controls its website, www.avis.com, from these headquarters.

## JURISDICTION AND VENUE

3.     This Court has diversity subject-matter jurisdiction over this class-action lawsuit pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of Plaintiffs is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs."

4.     This Court has personal jurisdiction over the parties because Plaintiff submits to this Court's jurisdiction and Avis is headquartered in this District.

5.     Venue exists in this Court under 15 U.S.C. § 22 and 28 U.S.C. § 1391 because Avis resides in, transacts business in, is found within, and has agents in this District and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

## FACTUAL ALLEGATIONS

A.     *Avis's background*

6.     Avis and its subsidiaries operate one of the world's leading car-rental brands, providing business and leisure customers with a wide range of services at more than 1,200 locations in the U.S. and nearly 900 locations in Canada, Australia, New Zealand, and the Latin American/Caribbean region. Founded in 1946, Avis was the first company to rent cars at airport locations. Within the U.S., Avis maintains approximately 344 airport locations and 905 off-airport locations.

7.     To rent a vehicle from Avis, customers must make a vehicle reservation either by telephone or online through www.avis.com. This lawsuit currently concerns

only vehicle rentals made through www.avis.com.

8.      When making reservations through www.avis.com, customers enter the date, time, and location of their rental; the type of vehicle to be leased; and certain personal data.

9.      When making their online reservation, customers also may choose to purchase, for an additional fee, rental options such as GPS Navigation, Roadside SafetyNet, XM Radio, a Fuel Service Option, and various rental protections and coverages, such as Loss Damage Waiver, Personal Accident Insurance, Personal Effects Protection, and Additional Liability Insurance.

10.     During the online-reservation process, Avis prominently displays an estimated total of the rental charges on-screen, which estimated total includes the customer's base rate, taxes and surcharges, and any rental options.

11.     Upon completion of the online reservation, Avis e-mails a confirmation of this estimated rental total cost to the customer. This estimated total cost continues to include the aforementioned mandatory and optional charges as well as a suggestion that the total cost's "estimated" qualifier concerns the fact that "*[e]xtensions or late returns result in additional charges*" (emphasis added).

12.     While Avis only sometimes provides customers with a document entitled Rental Terms and Conditions at the time that customers pick up their rental vehicles, Avis always provides customers with a Rental Document that describes details of the rental, including the vehicle's make and model; the rental dates; the mileage at pick-up; and an itemized list of the rental charges, including all optional charges such as GPS Navigation and the Fuel Service Option.

13.     Similarly, when customers return the vehicle, Avis provides them a Return Document, which itemizes the final rental charges.

14.     As part of Avis's vehicle-rental business, it offers complimentary membership programs designed to speed-up and streamline the car-reservation and rental process.

15.     The *My Avis Service Program* provides customers with a personal member identification number—a "Wizard" number—that allows them to create and save a rental profile that contains their personal data, rental preferences, and special-discount information. This way, customers needn't provide this information every time they make a reservation.

16.     The *Avis Preferred Service Program* also allows customers to create a personal rental profile. But this program, which requires a Wizard number, includes the added benefit of allowing customers to bypass the service counter upon airport arrival and to proceed directly to their reserved rental vehicle where the Rental Document and sometimes the Rental Terms and Conditions await them.

17.     Customers who enroll in the *My Avis Service Program* agree to be bound by Avis's Terms of Use/Disclaimer.

18.     Customers who enroll in the *Avis Preferred Service Program* agree to be bound by the Avis Preferred Service Global Terms and Conditions ("Preferred Terms and Conditions").

19.     My Avis and Avis Preferred Service Members may choose to receive e-receipts for their rental transaction, which e-receipts itemize their final rental charges.

**B.**     *Avis's travel-partner program and this program's secret frequent-flyer surcharge*

20.     Through Avis's Travel Partner Program, customers may earn frequent-flyer miles or reward points with Avis's Travel Partners on car rentals made at participating Avis airport locations.

21.     For example, customers can earn 50 miles per rental day or 500 miles on rentals of five or more days with Continental Airlines and can earn 600 rewards points per rental with Southwest Airlines.

22.     Avis Preferred Service customers who wish to earn frequent-flyer miles or rewards points may enter their frequent-flyer or rewards program membership number during the online reservation process.  All other customers who wish to earn miles or reward points may submit their frequent-flyer or rewards-program membership number by telephone after completing the online reservation.

23.     To participate in its Travel Partners' frequent-flyer and reward-points programs, Avis pays its Travel Partners for the cost of miles or points purchased from them as well as a 7.5% federal excise tax. Under the Tax Relief Act of 1997, this 7.5% federal-excise tax applies to all states, except Arizona, California, Missouri, Oregon and Wyoming.

24.     But without suitable disclosure, Avis turns around and charges its customers a surcharge for "earning" miles or reward points from its Travel Partners when at all points in the rental process Avis has suggested to its customers that mileage or reward points would be a free perk, like everyday consumers have come to expect unless told otherwise.

25.    Although the amount of this surcharge may vary depending on the reward program involved, Avis typically charges its customers $0.75 per rental day for the "benefit" of accruing frequent-flyer miles or reward points.

26.    But Avis's Rental Terms and Conditions; the Terms of Use/Disclaimer associated with Avis's *My Avis Service Program*; and the Preferred Terms and Conditions associated with Avis's *Avis Preferred Service Program* never explain that Avis will charge customers for frequent-flyer miles or reward points.

27.    In this manner, Avis baits and switches its customers first by suggesting that frequent-flyer miles or reward points are a free "perk" and then quietly—if not secretly—charging customers for this perk without ever properly and objectively disclosing and explaining this surreptitious charge.

28.    At no time during the reservation-and-rental process does Avis disclose to anyone—in an objectively visible and understandable way—that it will charge all customers for frequent-flyer surcharge for miles or reward points earned with vehicle rentals.

29.    Instead, Avis tricks customers into believing that their frequent-flyer miles or reward points are a free perk awarded to loyal renters while unnoticeably charging them for these miles or points.

30.    Unlike surcharges for the Energy Recovery Fee, Customer Facility Charge, and rental options like GPS Navigation, Avis does not list its frequent-flyer surcharge on the estimated total that Avis prominently displays during and the online reservation process, nor does Avis list this surcharge anywhere on the e-mail reservation confirmation, which confirmation itemizes every *other* charge that Avis intends to charge

its customer.

31.     Likewise, Avis's various terms and conditions make no mention that Avis will charge customers for earning frequent-flyer miles or reward points.  With respect to rental charges, Avis's Rental Terms and Conditions and its Preferred Terms and Conditions instead explain as follows:

> 6.  Rental Charges
>
>                           * * *
>
> You'll pay all charges that apply to the rental for miscellaneous services, and, where permitted, airport facility fees and/or concession recovery fees, and vehicle license recovery fees, other fees and surcharges.

32.     What's more, Avis's Preferred Service Benefits webpage simply proclaims that "[w]ith over 50 travel partners worldwide, it's easy to earn frequent traveler miles or points on paid rentals," while its Traveler Preferences – HELP webpage merely explains, as follows:

> **Frequent Traveler Program**
>
> Avis has many partner relationships with airlines, hotels, and destinations. Renters can earn bonus miles, points and special discounts in these programs.
>
> **Frequent Traveler Membership Number**
>
> Avis has many partner relationships with airlines, hotels, and destinations. Renters can earn bonus miles, points and special discounts in these programs.

33.     Like Avis's Rental Terms and Conditions and its Preferred Terms and Conditions, Avis's Preferred Service Benefits and Traveler's Preferences – HELP webpages also make no mention of charging customers for frequent-flyer miles or reward points—even while specifically discussing Avis's frequent-traveler program.

288162 v1

34.     Instead of describing its frequent-flyer surcharges during the reservation process or anywhere in the explanatory materials that shape and control its customers' rental relationship, when customers pick up their vehicles, Avis includes on the Rental Document—for the first time—a line-item charge tucked discreetly into the lower left-hand corner entitled "FTP SUR." (Avis switches to describing this coded entry as "FTP SR" on customers' Return Document or optional e-receipt.)

35.     Importantly, neither Avis's Rental Document nor its Return Document or e-receipt describes theses codes (although describing them in the Return Document or e-receipt wouldn't much matter since by that time a customer's rental is concluded) or explains that these codes concern surcharges for customers' frequent-flyer miles or reward points earned from vehicle rentals.

## C.     *Plaintiff's facts*

36.     On May 15, 2011, Plaintiff—an Avis Preferred Service member—made a rental reservation through www.avis.com.  His reserved a one-day rental of a Ford Escape (or similarly classed vehicle) for May 15-16, 2011, which he planned to pick up and return to Manchester-Boston Regional Airport.

37.     During the reservation process, Avis prompted Plaintiff to enter his Continental OnePass frequent-flyer number, which he did. This way, Plaintiff could receive 50 frequent-flyer miles for his one-day car rental.

38.     Before completing his vehicle rental, Avis listed all of Plaintiff's rental charges, none of which included a frequent-flyer mile surcharge.

39.     Immediately after Plaintiff completed his rental reservation, Avis sent him an e-mail reservation confirmation, which confirmation estimated the total cost for the

rental to be $134.11. A true copy of that confirmation is attached as Exhibit 1.

40.     Plaintiff's estimated total cost included all the charges that only moments earlier he had selected (i.e., GPS navigation) or that Avis had required (i.e., Avis's daily rental amount and the associated taxes, fees, and charges)—and that Avis had listed— when Plaintiff made his reservation.

41.     Avis's e-mail reservation confirmation quoted only the following charges and fees, making no mention of a frequent-flyer surcharge:

| **Base Rate and Charges** | |
|---|---|
| Base Rate | $94.99/day |
| Energy Recovery Fee | $0.50/day |
| Vehicle License Fee | $3.00/day |
| Customer Facility Charge | $2.25/day |
| Concession Recovery Fee | 10 % |
| Tax (9.0%) | $9.92 |
| | |
| **Rental Options** | |
| GPS Navigation | $13.95 |

42.     Avis's e-mail reservation confirmation described certain taxes and fees that were not included on it:

**Additional Fees**

Optional equipment and coverages may be subject to taxes and fees that are not included in the estimated total.

* * *

Where2 GPS Navigation:

• Taxes not included.

* * *

Gas Service Option:

Fees for the Gas Service Option are not included in the Estimated Total.

43.     But unlike Avis's e-mail reservation confirmation's suggestion that the aforementioned charges would appear later, this confirmation neither included a frequent-flyer surcharge nor suggested that it would appear later.

44.     So while Plaintiff knew precisely what other charges to expect (or not to expect), he neither had nor could have had any idea that Avis intended to charge him for frequent-flyer miles or reward points.

45.     When Plaintiff arrived at the airport on the day of his rental, as an Avis Preferred Service member he dashed past the Avis service counter and headed directly to his vehicle, as Avis intended.

46.     Avis had slid Plaintiff's Rental Document (true copy attached as Exhibit 2) into a Rental Terms and Conditions sleeve (true copy attached as Exhibit 3) and had placed both inside his car.  Plaintiff's Rental Document included the identical charges as had appeared on Avis's e-mail reservation confirmation but now—for the first time— Avis included its $0.75/day "FTP SUR" charge.

47.     As described earlier, this new charge was tucked quietly into the Rental Document's lower left-hand corner as the bottom line in a sea of other undefined and unhighlighted codes and in tiny font designed and formatted never to be read or questioned, much less understood by a reasonable customer, especially one who was dashing and driving, as Avis's Preferred Service program encouraged.

48.     When Plaintiff returned his car the next day, Avis issued him a Return Document (true copy attached as Exhibit 4) and later sent him an e-receipt, a true copy of which is attached as Exhibit 5. Both included an "FTP SR" charge of $0.75/day, still failing ever to explain what this charge was and switching it from FTP SUR to FTP SR.

## CLASS-ACTION ALLEGATIONS

49.     Plaintiff brings this lawsuit on behalf of the following class under Rules

23(b)(2) and (3) of the Federal Rules of Civil Procedure:

> All Avis customers who rented a vehicle from Avis through
> www.avis.com and who paid a surcharge for earning
> frequent-flyer miles or rewards points from an Avis Travel
> Partner.

> Excluded from Plaintiff's class are (a) Avis and any entity
> in which Avis has a controlling interest; (b) Avis's
> employees, officers, directors, agents, and representatives
> and their family members; (c) class counsel, employees of
> class counsels' firms, and class counsels' immediate family
> members; and (d) the presiding judge and/or magistrate
> judge and any of their immediate family members.

50.     Avis deceived Plaintiff into paying a surcharge for his frequent-flyer miles

or reward points in connection with his vehicle rental; therefore, Plaintiff is class

member.

51.     Plaintiff can identify all other class members from Avis's records.

52.     Plaintiff does not know the exact size of the class since this information is

in Avis's exclusive control.  But based on the nature of the commerce involved, Plaintiff

believes that the class numbers in the thousands and that class members are dispersed

throughout the U.S. Therefore, joinder of all class members would be impracticable, and

class treatment is the superior method for fairly and efficiently adjudicating this

controversy.

53.     Plaintiff's claims are typical of other class members' claims because

Plaintiff and class members were all injured by Avis's uniform deception of leading

customers to believe that Avis would not charge them for frequent-flyer miles or rewards

points. Accordingly, by proving his own claim Plaintiff will necessarily prove the other

class members' claims.

54.   Common legal or factual questions predominate within the class, including but not limited to the following:

a.   Whether Avis's uniform representations, omissions, and conduct regarding its frequent-flyer miles or rewards-points surcharge were misleading or false;

b.   Whether Avis's uniform representations, omission, and conduct were likely to deceive consumers into believing that the frequent-flyer miles or reward points earned through a car rental were free;

c.   Whether Avis's uniform behavior violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*;

d.   Whether Avis engaged in deception in marketing the Travel Partner Program;

e.   Whether Avis undertook a course of conduct to hide its frequent-flyer miles or rewards-points surcharge;

f.   Whether Avis's conduct injured Plaintiff and class members;

g.   Whether as a result of Avis's wrongdoing, Plaintiff and class members sustained damages and are entitled to restitution and if so, the proper measure and appropriate formula for determining their damages and restitution; and

h.   Whether Avis owes Plaintiff and the class members injunctive relief.

55.   Plaintiff can and will fairly and adequately represent and protect class members' interests and has no interests that conflict with or are antagonistic to their interests. Moreover, Plaintiff's attorneys are experienced and competent in complex, class-action litigation.

56.   Class certification is the superior procedural vehicle for fairly and efficiently adjudicating Plaintiff's claims because:

a.   Common questions of law or fact predominate over any individual questions that exist within the class and, consequently, economies to the Court and the parties exist in litigating these common issues on a classwide basis instead of on a repetitive, individual basis;

b.   Each class member's damage claim is too small to make individual litigation an economically viable possibility, and few class members have any interest in individually controlling the prosecution of separate actions;

c.   Class treatment is required for optimal deterrence and compensation and for limiting the Court-awarded, reasonable legal expenses incurred by class members; and

d.   Despite the relatively small size of each class member's claim, the aggregate volume of their claims—coupled with the economies of scale inherent in litigating similar claims on a common basis—will enable class counsel to litigate this case on a cost-effective basis; and

e.   Plaintiff anticipates no unusual difficulties in this class action's management in that all legal and factual questions are common to the class.

57.   Class certification is appropriate under Federal Rule 23(b)(2) because Avis has acted on grounds generally applicable to Plaintiff and the class members, all of whom are at imminent risk of irreparable harm from Avis having charged and continuing to charge them hidden surcharges for frequent-flyer miles and reward points, and all of whom are entitled, as a result, to a declaration that establishes their rights and Avis's duties with respect to these surcharges.

**FIRST CAUSE OF ACTION**
**Violation of New Jersey Consumer Fraud Act**
**(N.J.S.A. 56:8-1, *et seq.*)**

58.   This legal claim incorporates all of the foregoing allegations.

59.   In violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*—particularly N.J.S.A. 56:8-2—Avis used and employed unconscionable commercial

practices, deception, fraud, misrepresentations, and/or the knowing concealment,

suppression, and/or omission of material facts with the intent that others rely thereon, in

its marketing and advertisement of its Travel Partner Program.

60.     Avis's misrepresentations, omissions, and unconscionable commercial

practices include:

> a.     Misrepresenting that its Travel Partner Program was free by failing
> to disclose its frequent-flyer miles or rewards-points surcharge
> while enumerating other fees and charges associated with vehicle
> rental;
>
> b.     Intentionally concealing its frequent-flyer miles or rewards-points
> surcharge by failing to disclose it during the reservation process
> and then burying this surcharge in its Rental Document and Return
> Document; and
>
> c.     Reaping profits to which it was not entitled by inducing consumers
> to participate in a seemingly "free" Travel Partner Program while
> charging unsuspecting consumers for participating in this program.

61.     The acts, practices, misrepresentations and omissions by Avis described

above constitute unconscionable, unlawful, fraudulent, and deceptive commercial

practices.  Plaintiff has suffered an ascertainable loss as a direct and proximate result of

this conduct.

## SECOND CAUSE OF ACTION
**Breach of Contract under New Jersey Law**

62.     This legal claim incorporates all of the foregoing allegations.

63.     Plaintiff contracted with Avis by reserving a rental vehicle on

www.avis.com. That contract never explained that Avis would charge him for frequent-

flyer miles or rewards points.

64.     Plaintiff fully performed and satisfied his obligations under the contract

that Avis formed with him through Avis's reservation process.

65.     Avis breached its contract with Plaintiff by not performing according to the contract's obligations in violation of New Jersey common law and by instead charging Plaintiff for frequent-flyer miles that Avis offered to Plaintiff for free as a term of Avis's rental offer.

66.     Plaintiff has suffered damages as a direct and proximate cause of Avis's breach of contract.

### THIRD CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing

67.     This legal claim incorporates all of the foregoing allegations.

68.     The contract formed between Avis and Plaintiff through Avis's reservation process was subject to the implied covenant that Avis would conduct its business with Plaintiff in good faith and would deal fairly with him.

69.     Avis breached this implied covenant by failing to disclose its Travel Rewards Program surcharge and by misrepresenting that this program was free when Avis knew that it was subjecting Plaintiff to a charge that, due to Avis's failure to disclose it, Plaintiff could never have contemplated nor agreed to pay.

70.     Avis breached this implied covenant by not providing terms in its contract that conspicuously disclosed this surcharge to the Plaintiff.

71.     Plaintiff has been damaged as a direct and proximate result of Avis's breach of the implied covenant of good faith and fair dealing.

### FOURTH CAUSE OF ACTION
### Request for Injunctive Relief under New Jersey Law

72.     This legal claim incorporates all of the foregoing allegations.

73.     Injunctive relief is appropriate when it appears with reasonable certainty that a party to an action will continue or repeat its wrongful acts.

74.     Enjoining Avis from continuing to charge customers, like Plaintiff, its hidden surcharge for frequent-flyer miles and reward points is appropriate because Plaintiff has established a reasonable likelihood of success on the merits; Plaintiff will suffer irreparable harm without such an order; the balance of the equities, including the public interest, weigh in favor of granting Plaintiff's request injunctive relief; and alternate remedies are inadequate to assist Plaintiff.

### FIFTH CAUSE OF ACTION
**Request for Declaratory Relief Pursuant to the
Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.***

75.     This legal claim incorporates all of the foregoing allegations.

76.     Plaintiff contends that Avis is charging him and others illegal surcharges for frequent-flyer miles or reward points; Avis likely believes these surcharges are not illegal.

77.     As such, an actual controversy exists between Plaintiff and Avis concerning the parties' rights and duties with respect to the legality of Avis's surcharge for frequent-flyer mile and reward points.

78.     The parties require this Court's declaration as to their respective rights, duties, and any other relevant legal relations, whether or not Plaintiff could seek or is otherwise entitled to further relief.

### NOTICE TO ATTORNEY GENERAL OF ACTION

79.     Pursuant to N.J.S.A. § 56:8-20, Plaintiff will mail a copy of this First Amended Class-Action Complaint to the New Jersey Attorney General within 10 days after filing it with the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment as follows:

A.      An order declaring that this action is properly maintainable as a class action, certifying Plaintiff as the class representative, and designating Plaintiff's counsel as lead counsel for the class;

B.      An order awarding Plaintiff and the Class compensatory damages, treble damages, attorneys' fees, and costs of suit for Avis's consumer fraud, pursuant to N.J.S.A. 56:8-19;

C.      An order awarding damages to Plaintiff and the class for Avis's breach of contract;

D.      An order awarding damages to Plaintiff and the class for Avis's breach of the duty of good faith and fair dealing;

E.      An order enjoining Avis from continuing to charge customers for receiving frequent-flyer miles of reward points unless Avis properly discloses these charges;

F.      An order declaring illegal Avis's practice of charging customers for frequent-flyer miles or reward points with proper disclosure;

G.      An order awarding Plaintiff pre- and post-judgment interest;

H.      An order awarding Plaintiff's costs of suit; and

I.      An order providing such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated:  August 11, 2011                 **LITE DEPALMA GREENBERG, LLC**

                                        *s/ Bruce D. Greenberg*
                                        Bruce D. Greenberg
                                        Susana Cruz Hodge
                                        Two Gateway Center, 12th Floor
                                        Newark, NJ 07102
                                        Telephone:     (973) 623-3000
                                        Facsimile:     (973) 623-0858
                                        E-mail:        bgreenberg@litedepalma.com
                                                       scruzhodge@litedepalma.com


                                        **GOLDMAN SCARLATO & KARON, P.C.**
                                        Daniel R. Karon
                                        700 W. St. Clair Avenue, Suite 204
                                        Cleveland, OH 44113
                                        Telephone:     (216) 622-1851
                                        Facsimile:     (216) 241-8175
                                        E-mail:               karon@gsk-law.com


                                        **GOLDMAN SCARLATO & KARON, P.C.**
                                        Brian D. Penny
                                        Laura Killian Mummert
                                        101 West Elm Street, Suite 360
                                        Conshohocken, PA 19428
                                        Telephone:     (484) 342-0700
                                        Facsimile:     (484) 342-0701
                                        E-mail:        penny@gsk-law.com
                                                       mummert@gsk-law.com


                                        **MILLER GOLER FAEGES, LLP**
                                        Jay R. Faeges
                                        1301 E. 9th Street, Suite 2700
                                        Cleveland, OH 44114-1835
                                        Telephone:     (216) 696-3366
                                        Facsimile:     (216) 363-5835
                                        E-mail:        faeges@millergolerfaeges.com


                                        *Attorneys for Plaintiff and the class*


288162 v1                                          18

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any court.

Dated:  August 11, 2011          **LITE DEPALMA GREENBERG, LLC**

<u>*s/ Bruce D. Greenberg*</u>
Bruce D. Greenberg
Susana Cruz Hodge
Two Gateway Center, 12th Floor
Newark, NJ 07102
Telephone:   (973) 623-3000
E-mail:       bgreenberg@litedepalma.com
             scruzhodge@litedepalma.com

**GOLDMAN SCARLATO & KARON, P.C.**
Daniel R. Karon
700 W. St. Clair Avenue, Suite 204
Cleveland, OH 44113
Telephone:   (216) 622-1851
E-mail:       karon@gsk-law.com

**GOLDMAN SCARLATO & KARON, P.C.**
Brian D. Penny
Laura Killian Mummert
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone:   (484) 342-0700
Facsimile:    (484) 342-0701
E-mail:       penny@gsk-law.com
             mummert@gsk-law.com

**MILLER GOLER FAEGES, LLP**
Jay R. Faeges
1301 E. 9th Street, Suite 2700
Cleveland, OH 44114-1835
Telephone:   (216) 696-3366
Facsimile:    (216) 363-5835
E-mail:       faeges@millergolerfaeges.com

*Attorneys for Plaintiff and the class*

288162 v1

# EXHIBIT 1

**From:** Avis Rent A Car [mailto:avisreservations@avis.com]
**Sent:** Sunday, May 15, 2011 10:02 AM
**To:** Edward Schwartz
**Subject:** Avis Rent A Car: Reservation Confirmation |SCHWARTZ |Pick-up date:05/15/2011

If you are unable to view this reservation confirmation e-mail, please Click here.

**Base Rate and Charges**                    **120.16 USD**

Rental Options:                                          **13.95 USD**
  GPS Navigation                    13.95 USD

**Estimated Total**                               **134.11 USD**

**Notes:**

* where2 GPS Navigation is subject to taxes. These taxes are not reflected in the Estimated Total.
* Fuel Service Option charges are NOT included in the estimated total, but will be calculated and applied at the time of rental.
* Your rate was calculated based on the information provided. Some modifications may change this rate.

| MAKE NEW RESERVATION |

**FREE TO** _____



Rent twice and get a
**FREE Rental Reward**

Rent only twice, get a day!
It's quick and easy to enroll and as
Wizard Number, this reservation will
It's free, so Enroll Today! Already en

**Good Vibrations.**

Add music and entertainment to you
portable XM Radio. Ask for it at the

Modifying time or place will require reselection of car class and options.

**Pick-up Information**
Sunday, May 15, 2011 @ 08:30 PM
Manchester-Boston Regional APO, Manchester, MHT
1 Airport Rd, Manchester, MHT NH US
(03103 ) (1) 603-624-4000
Sun 7:00 AM - 1:00 AM
Mon - Fri 6:30 AM - 1:00 AM
Sat 7:00 AM - 12:00 AM



**Return Information**
Monday, May 16, 2011 @ 04:00 PM
Manchester-Boston Regional APO, Manchester, MHT
1 Airport Rd, Manchester, MHT NH US
(03103 ) (1) 603-624-4000
Sun 7:00 AM - 1:00 AM
Mon - Fri 6:30 AM - 1:00 AM
Sat 7:00 AM - 12:00 AM

Notes: Modifying your rate will require reselection of car class & options.

AWD Number:            N/A
Rate Code:             2E
Coupon Number:         N/A

**Notes:** Modifying Car & Rate will require reselection of options.

**Group F - Ford Escape or similar**



| | |
|---|---|
| | 4 Door |
| | AM/FM Radio |
| 5 | Air Conditioning |
| 18/24 | Cruise Control |
| | Automatic |

**Rental Options:**      GPS Navigation
Fuel Service Option (FSO)

**Protections - Coverages:**      Loss Damage Waiver (LDW)
Declined
Personal Accident Insurance (PAI)
Declined
Personal Effect Protection (PEP)
Not Available
Additional Liability Insurance (ALI)
Declined

**Name:**      EDWARD SCHWARTZ
**Email Address:**      ESCHWARTZ@ORGREALPROPERTY.COM

**Phone:**      216-536-4418

**Miles / Points:**      Continental OnePass #FN993537
**Flight Information:**      CONTINENTAL AIRLINES –Flight#: 2958

## Reservation Terms & Conditions:

Credit Card Policies
Debit Card Policies
Driver's License Requirements
Additional Fees
Age Requirements
DMV Checks
Rate Requirements
Rental Options

**Credit Card Policies**

Avis accepts most major credit cards as credit identification at the time of rental.

Accepted credit card list: Avis Charge Card, American Express, AT&T Capital, Diner's Club Int'l, Discover, GE Capital, JCB, MasterCard, PHH, Sears and Visa.

Some locations may not accept each of the referenced cards.

⬆Top

**Debit Card Policies**

This location does accept bank debit cards with the MasterCard or Visa logo at the time of rental if you have arrived by air into the metro area. The renter must present a return airline ticket with a return date at the time of rental. The renter must be at least 25 years of age. Avis reserves the right, in its sole discretion, to seek a Debit Card authorization hold in excess of the estimated rental charges. We will place a hold on your account of $200 plus the estimated rental charges. **THESE FUNDS WILL NOT BE AVAILABLE FOR YOUR USE.** When the rental is over we will process the reversal but the bank may take time to post it back to the account.

If you fail to return the vehicle as agreed, Avis will obtain additional authorizations from your account to cover the rental charges.

Avis is not responsible for any returned checks or over-drafts based on this policy.

Positive identification in addition to your driver's license may be required.

In the United States, Debit, Cash or Check cards can be used at the end for payment of rental charges. For acceptable credit identification and payment methods in countries outside of the United States, please consult the Renter's Guide and search for the specific location.

Note: Prepaid Debit/Gift cards are not acceptable methods of credit identification to pick up a car at any location. One of the above mentioned cards must be presented. Prepaid Debit/Gift cards are accepted at time of return only.

⬆Top

**Driver's License Requirements**
At time of pick up, driver must present a valid, U.S.-issued driver's license and credit card (or debit card at participating locations) in the driver's name. If the driver's license is not U.S.-issued you must present your drivers license and either a passport or a Canadian enhanced license in the driver's name.

⬆Top

**Additional Fees**

Extensions or late returns result in additional charges.

Optional equipment and coverages may be subject to taxes and fees that are not included in the estimated total.

⬆Top

**Age Requirements**

Rather than requiring customers to be 25 to rent, Avis at this location now rents to customers between the ages of 21-24 with a valid credit card and driver's license. At time of rental, we will automatically apply an additional $27-per-day underage surcharge for these drivers.

Additionally, the following restrictions also will apply for renters between the ages of 21-24: Renters of

luxury cars, mini-vans, 12-passenger vans, specialty cars, full-size SUVs and premium SUVs will not be permitted.

**Government Minimum Age Policy - Military (FEMA, US Postal Dept., Navy and Army) and Civilian Personnel**

- Minimum age - 18 years (no underage surcharge will apply) with government travel or purchase order
- Minimum age - 21 years (no underage surcharge will apply) with no government travel or purchase order

🔺Top

## DMV Checks

At the time of rental, the renter or authorized driver may be subject to an electronic DMV check from the issuing state of the driver's license, or may be asked to sign a declaration attesting to specific criteria:

- The renter/authorized driver has a valid license that is not currently suspended, expired, revoked, canceled or surrendered.
- The renter/authorized driver has not, within the last 36 months had 1 or more convictions for reckless driving.
- The renter/authorized driver has not, within the last 35 months had 1 or more convictions for driving under the influence (DUI), driving while intoxicated (DWI), or driving while alcohol impaired (DWAI).
- The renter/authorized driver has not, within the last 36 months failed to report or leave the scene of an accident.
- The renter/authorized driver has never been in possession of a stolen vehicle or used a vehicle in a crime.
- The renter/authorized driver has not, within the last 24 months had 3 or more convictions for moving violations (including seat belt violations).
- The renter/authorized driver has not, within the last 36 months had 3 or more accidents

🔺Top

## Rate Requirements

Renters who have indicated a country of residence outside of the US will be required to present a non US issued drivers license and a non US issued passport OR an international airline ticket at the time of rental to qualify for the rate.

🔺Top

## Rental Options

If you have added any of the following rental options to your reservation, terms and conditions may apply.

**Where2 GPS Navigation:**

- Taxes not included.
- Available at participating locations.
- Minimum age is 25 but may vary by location, underage surcharges may apply at certain locations.
- Reliability of directions subject to timing of software implementation as well as that of which has been provided by the maker of the installed maps.
- I (renter) acknowledge that the rental vehicle may be equipped with Where2 which utilizes global positioning satellites. I acknowledge that Where2 may be limited by atmospheric or topographical conditions. I further acknowledge that Where2 may be rendered inoperative if Where2 is tampered with or destroyed and or damaged in an accident or if the satellite systems are obstructed and inoperative.
- Customer is responsible for all costs in the event of lost, stolen or damaged Where2 Unit and all of its components.
- Renter agrees to release and hold Avis harmless for any Where2 failures.

**Gas Service Option:**

- Fees for the Gas Service Option are not included in the Estimated Total.
- Fees are assessed and applied at the time of rental.
- Fees vary by location and are determined by current market value of gasoline in surrounding area of rental location and the fuel tank size of rental vehicle.
- Customer will receive no credit or refund for unused fuel left in tank at time of return.

# EXHIBIT 2

**AVIS** PREFERRED SERVICE RENTAL RECORD BUS #      FOR INQUIRES:
                                                    603-624-4000
RA#: 538333272     CAR#: 11849460     SPACE#: 014                 PIN:    455895

RENTED:MHT   15MAY11/2115                           RED KIA  8OR2  NH 1455639
DUE IN:MHT   16MAY11/1600        METH OF PMT:AMEX   MILES OUT:  2327
FT#: CO/**3537                   $   .50/DY ENERGY RECOV FEE   FUEL SVC: .1925/MI 3.850/GAL
                                 TAX RATE:   9.000%            TAXABLE       FUEL OUT: P8
                                                              10.00% CONCESSION RECOVERY FEE

# E.SCHWARTZ

RATE CODE:2E/F  AM/#:V366341  LDW:26.99/DY:   DECLINE
CAR GRP RESERVED:F    DISC: 5% ALI:13.95/DY:   DECLINE
DAILY:    99.99 WKLY: 499.99  PAI: 8.95/DY:   DECLINE
ADD DY:              HR: 75.00  PEP:  00/DY:   DECLINE
MILEAGE CHARGE:   UNL    #83.00/DY VEH LIC FEE 6
MISC CHARGES:            $2.25/DY CUST FAC CHRG
FTP SUR $  0.75DY                                    GPS$  13.95/DY

# AVIS ®

## ROADSIDE ASSISTANCE
## 1-800-354-2847
Visit us online @ avis.com

# EXHIBIT 3

# WELCOME TO AVIS.
WE HOPE YOU ENJOY YOUR TRIP.

Schwartz, E

**NAME**

14

**CAR SPACE NO.**

Sorento

**COLOR/MODEL**

NH 1455639

**LICENSE PLATE NO.**

11849460

**CAR NO.**

## e-RECEIPT™ OPTION
If you have opted in, you'll receive an e-Receipt for this rental. If not, take advantage of this time-saving service by updating your profile with your email address and opt-in to receive e-Receipt on future rentals.

## IMPORTANT CAR RETURN INFORMATION
If paying by charge card, indicate mileage, gas level and time, and drop your rental agreement into the Express Car Return Box. A copy of your bill will be sent to you. Remember, you remain responsible for the car until we retain actual possession.

**RETURN MILEAGE:** ☐☐☐☐☐   **RETURN DATE:** / /   **RETURN TIME:** : ☐ AM ☐ PM

**DID YOU PURCHASE FUEL?** ☐ YES   ☐ NO

**GAS GAUGE: (check box if applicable)\***
E | 1/8 | 1/4 | 3/8 | 1/2 | 5/8 | 3/4 | 7/8 | F

**\*PLEASE NOTE:** If you don't indicate your gas gauge reading, you may be charged for a full tank of gas.

## FOR RESERVATIONS VISIT US ONLINE @ avis.com

| | |
|---|---|
| RENTING LOCATION PHONE NUMBER | SEE RENTAL DOCUMENT |
| RENTAL EXTENSIONS | 1-888-897-8448 |
| EMERGENCY 24-HOUR ROADSIDE ASSISTANCE | 1-800-354-2847 |
| RESERVATIONS | 1-800-331-1212 |

Thank you for not smoking.
Avis maintains a 100% smoke-free fleet.

F-131C (7/10)

### Rental Terms and Conditions.

1. These terms and conditions, the rental document signed by you, and a return record with computed rental charges together constitute the rental agreement between yourself and Avis Rent A Car System, LLC, or the independent Avis System Licensee identified on the rental document ("Avis").

2. You rent from us the car described on the rental document, which rental is solely as permitted for certain benefits. You agree to the terms below and on the other panels of this Rental Document Jacket provided any such term is not prohibited by the law of a jurisdiction covering this rental, in which case such law controls. "You" and "your" refer to the person who signs this agreement, "we", "our" and "us" refer to Avis. You also agree that you are not our agent for any purpose; and that you cannot assign or transfer your obligations.

3. **Return of the Car.** You must return the car in the same condition you received it, ordinary wear and tear excepted, on the date and at the time indicated on the rental document. You must return it sooner on our demand. If you return it earlier or later, a different or higher rate may apply and, if returned later, you may be charged a late return fee. You may not return the car at a time when we are closed. If you do, your responsibility for damage to or loss of the car will continue and all charges stated on the rental document as a periodic rate will continue to accrue until the return location reopens and we retake actual possession of the car. If we do not find the car when that location reopens, your responsibility for all charges and for damage to or loss of the car will continue until the car is actually returned or recovered. If you wish to extend any rental you must contact us at 1-888-897-8448 to request it before your return date. We may or may not grant an extension or grant it for the entire period you request, in our sole discretion. If we do grant an extension a different or higher rate may be applied to the extension period and a service fee may also apply.

4. **Where You'll Return the Car.** The car must be returned to the agreed return location as specified on the rental document. If return is indicated to a location other than the location where your rental commences, you may have to pay a "one way service fee". If you return the car to a different location from the agreed return location without our permission, you agree to pay the "unauthorized return location fee" specified by us. If this fee is higher by multiply-ing normal mileage rate by distance between renting location and actual return location as specified on the return document/return record, you'll pay the higher fee. You also understand that a different or higher rate may apply.

5. **Rental Charges.** You will pay for the number of miles you drive and the period of time you rent the car at the rate indicated on the rental document. The minimum charge is one day (24 hours), unless "calendar day" is indicated on the rental document, plus mileage, or a fixed fee. We will determine the miles by reading the factory-installed odometer. The daily charge applies to consecutive 24 hour periods starting at the hour and minute the rental begins or, if a calendar day is specified on the rental document, each consecutive calendar day or any part of a calendar day starting on the calendar day on which the rental commences. If you fail to comply with any conditions for special rates specified on the rental document our otherwise applicable rates will be charged. You'll pay all charges that apply to the rental for miscellaneous services and, where permitted, airport facility fees and/or concession recovery fees, and vehicle license recovery fees, other fees and

surcharges. If you present any rewards certificates, coupons or vouchers associated with a loyalty rewards program, you may be charged a redemption fee. You will also pay a reasonable fee for cleaning the car's interior upon return for excessive stains, dirt or soilage attributable to your use. We maintain a non smoking fleet. You will pay an additional charge if you smoke in the car. You and any third party to whom any rental charges are billed, such as an insurer or employer, are jointly and severally responsible for payment of all such charges. If you direct us to bill any such charges to a third party, you represent that you are authorized to do so. If you use a car with automatic toll payment capability, you will pay us or our toll program administrator for all tolls incurred during your rental and all related fees, charges and penalties.

6. **Taxes.** You'll pay all sales, use, rental, environmental and excise taxes, including tax-related surcharges.

7. **Loss Damage Waiver.** Loss Damage Waiver (LDW) is **not insurance and not mandatory**. If you accept full LDW by your initials on the rental document at the daily rate, for each full or partial day that the car is rented to you, and the car is operated in accordance with this agreement, we assume all loss or damage to the car except, if permitted by law, for lost, damaged or stolen keys or remote entry devices, towing or tire service unless related to an accident, or recovery of the car if stolen, and except for your amount of "responsibility", if any, specified on the rental document. Partial Loss Damage Waiver (PDW) is available only where permitted by law. If you accept PDW at the indicated daily rate, and the car is operated in accordance with this agreement, we assume all loss or damage to the car up to the amount as specified on the rental document and you accept responsibility for all other loss or damage. If you do not accept either LDW or PDW, you owe for all loss or damage to the car. Loss and damage are described in the following paragraph. You acknowledge you have been advised that your own insurance may cover loss or damage to the car. You also acknowledge reading the notice on loss damage shown on the rental document, or at the end of these terms, or in separate notice form.

8. **Damage/Loss to the Car.** If you do not accept LDW, or if the car is lost or damaged as a direct or indirect result of a violation of paragraph 17, you are responsible; and you will pay us for all loss of or damage to the car regardless of cause, or who, or what caused it. If the car is damaged, you will pay our estimated repair cost, or if, in our sole discretion, we determine to sell the car in its damaged condition, you will pay the difference between the car's retail fair market value before it was damaged and the sale proceeds. Where permitted by law, you authorize us to charge you for the actual cost of repair or replacement of lost or damaged items such as glass, mirrors, and antenna, as part of your rental charges at the time of return. If the car is stolen and not recovered you will pay us the car's fair market value before it was stolen. As part of our loss, you'll also pay for loss of use of the car, without regard to our fleet utilization, plus an administrative fee, plus towing and storage charges, if any ("incidental Loss"). If your responsibility is covered by any insurance, you will provide us with the name of the insurer and policy number, or if the insurance is provided by your card issuer, its insurer. You authorize us to process any or all of our incidental Loss to your card at or after the completion of your rental. You also authorize us to collect any or all of our loss from any third party that is responsible for it. If we collect our loss from a third party after we have collected our loss from you, we will refund the difference, if any, between what you paid and what we collected from the third party. If the law of a jurisdiction covering this rental requires conditions on LDW that are different than the terms of this agreement, such as if your liability for ordinary

negligence is limited by such law, that law prevails. You understand that you are not authorized to repair or have the car repaired without our express prior written consent. If you repair or have the car repaired without our consent, you will pay the estimated cost to restore the car to the condition it was in prior to your rental. If we authorize you to have the car repaired, we will reimburse you for those repairs only if you give us the repair receipt.

9. **Loss Damage Waiver Fee.** If you accept LDW, you'll pay the daily LDW rate as specified on the rental document. If PDW is available, and you accept it instead of LDW, you'll pay the daily PDW rate as specified on the rental document. In either case, you agree to pay the applicable daily rate for a full day if you don't have the car for the entire day. The fee is the applicable daily rate multiplied by the number of rental days.

10. **Fuel Service Charge.** Most rentals come with a full tank of fuel, but that is not always the case.

(a) Where available, if permitted by law, if you drive less than 75 miles, you acknowledge that we will add a flat fee to the rental, the amount of which will be disclosed on the rental document and at the counter prior to rental. You may avoid this charge at time of return by providing a receipt for fuel purchased at which time the flat fee will be reversed from your total rental charges.

If (a) does not apply, there are three refueling options:

(b) If you do not accept the fuel service option, where available, at the beginning of your rental, and you return the car with less fuel than was in it when you received it, we will charge you a fuel service charge at the applicable rate per-mile or per-gallon rate specified on the rental document. The per-mile rate is used if you do not buy fuel during the rental. To calculate this amount, we multiply the number of miles driven, as shown on the car's odometer, times the per-mile rate shown on the rental document. The per-gallon rate is used if you buy fuel during the rental and provide us with a receipt on our request, but the tank is not as full when you return the car as when you received the car (by using the factory-installed gauge, rounded down to the nearest 1/8 tank), times the per-gallon rate shown on the rental document. Although two methods are used for ease of calculation, the per-mile and per-gallon rates produce approximately the same result.

(c) If you accept the fuel service option at the beginning of your rental, you will be charged as shown on the rental document for that purchase and you will not pay us a fuel service charge. If you choose this option, you will not incur an additional fuel service charge, but you will not receive any credit for fuel left in the tank at the time of return. The per-gallon cost of the fuel service option will always be lower than the fuel service charge. The cost of refueling the car yourself at a local service station may be lower than the fuel service charge or the fuel service option. You acknowledge that the fuel service charge is not a retail sale of fuel.

(d) You may avoid a fuel service charge if you return the car with the fuel tank as full as when you received it and, if requested by us, present a receipt for your fuel purchase.

11. **Emergency Sickness Protection ("ESP").** where available, is available only to Canadian renters and International renters with valid non-U.S. passports. You'll pay for ESP, if you accept it. You'll be charged the rate per day for a full day even if you don't have the car for the entire day. ESP is offered by an independent insurer and is explained in a brochure available at the counter.

12. **Personal Accident Insurance (PAI).** You'll pay for Personal Accident Insurance if you accept it. You understand that you will be charged the rate per day for a full day even if you don't have the car the entire day.

13. **Personal Effects Protection (PEP) Insurance.** You'll pay for PEP insurance if you accept it. You will be charged the rate per day for a full day if you don't have the car for the entire day.

14. **Roadside SafetyNet.** Roadside SafetyNet (RSN) is not insurance and is not mandatory. Where available, you'll pay for RSN, if you accept it at the rate shown on the rental document for each full or partial rental day. RSN provides roadside assistance at no charge in addition to the daily fee for: lost keys and remote entry devices, lockouts, flat tire service, towing (if the car becomes inoperable), jump starts, emergency fuel delivery (up to 3 gallons, as we determine is needed). Prohibited use of the car will void this option.

15. **Fines, Expenses, Costs and Administrative Fees.** You'll pay all fines, penalties and court costs for parking, traffic, toll and other violations, including storage liens and charges. You will also pay a reasonable administrative fee with respect to any violation of this agreement, such as for repossessing or recovering the car for any reason.

16. **Error in Rental Charges.** The charges shown on the return record are not final and are subject to recalculation. You'll pay any undercharges and you'll receive a refund for any overcharges we discover on review.

17. **Prohibited Use of the Car & Voiding of Optional Services.** Certain uses of the car and other things you or a driver may do, or fail to do, will violate this agreement. A VIOLATION OF THIS PARAGRAPH, WHICH INCLUDES USE OF THE CAR BY AN UNAUTHORIZED DRIVER, WILL AUTOMATICALLY TERMINATE YOUR RENTAL, IS AN EXCLUSION TO AND VOIDS ALL LIABILITY PROTECTION AND ANY OPTIONAL SERVICES THAT YOU HAVE ACCEPTED, INCLUDING ADDITIONAL LIABILITY INSURANCE, PERSONAL ACCIDENT INSURANCE, PERSONAL EFFECTS PROTECTION, ROADSIDE SAFETYNET AND LOSS DAMAGE WAIVER OR PARTIAL DAMAGE WAIVER. IT ALSO MAKES YOU LIABLE TO US FOR ALL THE PENALTIES, FINES, FORFEITURES, LIENS AND RECOVERY AND STORAGE COSTS, INCLUDING ALL RELATED LEGAL EXPENSES, FEES AND COSTS.

It is a violation of this paragraph if:

A. You use or permit the car to be used: 1) by anyone other than an authorized driver, as defined in paragraph 18; 2) to carry passengers or property for hire; 3) to tow or push anything; 4) to be operated in a test, race or contest or on unpaved roads; 5) while the driver is under the influence of alcohol or a controlled substance; 6) for conduct that could properly be charged as a felony or misdemeanor, including the transportation of a controlled substance or contraband; 7) recklessly or while overloaded; 8) if rented in the United States, outside of the United States, or with our permission, Canada; or 9) if rented in Canada, outside of Canada, or with our permission, the United States; or

B. You or an additional driver, authorized or not: 1) fail to promptly report any damage to or loss of the car when it occurs or when you learn of it and provide us with a written accident/incident report or fail to cooperate fully with our investigation; 2) obtained the car through fraud or misrepresentation; 3) leave the car and fail to remove the keys or close and lock all doors, close all windows and the trunk and

the car is stolen or vandalized; 4) intentionally or with willful disregard cause or allow damage to the car, or 5) return the car after hours and the car is damaged, stolen or vandalized.

18. **Who May Drive the Car.** You represent that you are a capable and validly licensed driver. You agree that we have the right to verify that your license has been validly issued and is in good standing; and that we may refuse to rent to you if your license has been suspended, revoked or otherwise restricted in any way. We reserve the right to deny rentals based upon information provided by the Motor Vehicle Department of the jurisdiction that issued your license. Except where otherwise specifically authorized by applicable law, only you, your spouse or domestic partner, or, if you rent from us under your employer's corporate account agreement, your employer or a regular fellow employee incidental to business duties may drive the car, but only with your prior permission. The other driver must be at least 25 years old and must be a capable and validly licensed driver. There may be a charge for each additional driver authorized to drive the car, which charge is specified on the rental document, unless prohibited by law covering this rental.

19. **Liability Protection.** Anyone driving the car who is permitted to drive it by this agreement will be protected against liability for causing bodily injury or death to others or damaging the property of someone other than the authorized driver and/or the renter up to the minimum financial responsibility limits required by the law of the jurisdiction in which the accident occurs. The limit for bodily injury sustained by any one person includes any claim for loss of that person's consortium or services. Where the law extends this protection to a non-permitted driver, the same limits will apply. Except where required by law to be primary, any protection provided by us shall be secondary to, and not in excess of, any applicable insurance available to you, or any other driver, from any other source, whether primary, excess, secondary or contingent in any way. If this protection is extended by operation of law to anyone not permitted by this agreement to drive the car, or to any person or instance where coverage is not intended to be afforded by this agreement, the financial responsibility limits of the jurisdiction in which the accident occurs will apply. You agree that we can provide coverage under a certificate of self-insurance or an insurance policy, or both, as we choose. In any case, a copy of the policy and/or certificate will be available for your inspection at our main office. You understand that unless required by applicable law, we will not provide (a) coverage for fines, penalties, punitive or exemplary damages; (b) coverage for bodily injury to you, or your death while not a driver, or any member of your family or the driver's family members related by blood, marriage or adoption residing with you or them; or the drivers family, or to a fellow employee arising out of or in the course of employment; (c) defense against any claim, unless we are required to provide primary protection, but in such event not after the applicable limits of protection that we furnish are tendered; (d) supplementary no fault, noncompulsory uninsured or under-insured motorist coverage, and any other optional or rejectable coverage, and you and we reject all such coverages to the extent permitted by law. Where any of these coverages are required or implied by law, the limits shall be the mini-mum

required under applicable statute. Where permitted by law, you are rejecting uninsured or underinsured motorist and all optional automobile insurance coverages and under any policy of insurance or certificate of self-insurance in connection with this agreement, for you and all other passengers in the car. You understand that uninsured and underinsured motorist coverage protects you and other passengers in a car for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance or has insufficient insurance to pay for losses and damages. There is no coverage in Mexico, and the car may not be taken into Mexico under any circumstances, unless special arrangements are made at the renting location for separate Mexican insurance, where such insurance is available.

20. **Additional Liability Insurance (ALI) & Exclusions.** You'll pay for additional liability insurance coverage if available and you accept it. In that case, the coverage provided by us according to paragraph 19 above will be primary and the combined limits of liability protection shall be $1,000,000 or $2,000,000, depending on the place of rental for bodily injury, death, or property damage for each accident, but not for more than the contracted $1,000,000 or $2,000,000 limit for each accident, instead of the basic limits stated in paragraph 19 above. This additional coverage will be provided to an authorized driver, as defined in paragraph 18, under a separate policy of excess liability insurance more fully described in the available brochure and is subject to all of the conditions and limitations described in paragraph 19 above, except that notwithstanding anything contained in this agreement, the terms of the policy will at all times control. ALI does not apply to liability for bodily injury or property damage arising out of any "prohibited use of the car" as described in paragraph 17 of this rental agreement, all of which are exclusions to ALI. Other exclusions to ALI are listed in the ALI policy. You understand that you will be charged the rate per day for a full day even if you don't have the car for the entire day.

21. **Indemnification and Waiver.** You agree to indemnify us, our parent and affiliated companies for and hold us harmless from any loss, liability and expense that we incur arising out of the use of the car, including reasonable attorney's fees: (a) which exceeds the greater of either the minimum limits of financial responsibility pursuant to the motor vehicle insurance law of the applicable jurisdiction, or the limits of any liability protection that we furnish to you; or (b) which results from any unauthorized use or prohibited operation of the car. You waive any claim against us for incidental, special or consequential damages in connection with the rental. If the rental takes place at a location operated by an Avis System Licensee and a claim relating to this transaction is made against Avis Rent A Car System, LLC, or Avis Car Rental Group, LLC, that alleges unfair, deceptive or unconscionable conduct that renting Avis licensee agrees to indemnify and hold Avis Rent A Car System, LLC, and Avis Car Rental Group, LLC, harmless against such claim, including the related costs and expenses.

22. **Repossessing the Car.** We can repossess the car anytime it is found illegally parked, being used to violate the law or the terms of this agreement, or appears to be abandoned. We can also repossess anytime we discover that a misrepresentation was

made to obtain the car. You agree that we needn't notify you in advance if the car is repossessed, you agree to pay the actual and reasonable costs incurred by us to repossess the car. You agree that such cost will be charged to the card you used to rent the car.

23. **Collections.** If you do not pay all amounts due to us under this agreement upon demand, including all charges, fees and expenses including, without limitation, payment for loss of or damage to the car rental charges, parking and traffic fines and penalties, toll charges, towing, storage and impoundment fees, you agree to pay a late charge of 1 1/2% per month on the past due balance or the highest rate permitted by applicable law, whichever is less (collectively, "Charges") You agree to also pay for any costs that we incur in seeking to collect such Charges including, without limitation, court costs and attorney's fees in addition to any administrative fees, cost recovery, insufficient funds fees and collection fees (collectively, "Costs"). If the law permits you authorize us and our collection agent, to contact you or your employer, at your place of business about the payment of any past due Charges or Costs. You also agree that we or our collection agent(s) may access the personal information that you provided to us in any effort to collect any Charges or Costs under this section and may use the address provided by you on the Rental Document, or in any customer profile, as the place to send any demands or collection notices. In the event that you presented a credit or debit card for payment, you understand that we may report such deficiency to an appropriate credit reporting agency and you also authorize us to share that credit and debit card information with third party collection agents and further authorize us or our collection agents to charge any amounts due to us including, but not limited to, the Charges and Costs referenced above, to that credit or debit card.

24. **Card Reserve.** You acknowledge that you have been informed that if you use a charge card your credit, up to an amount of the estimated total charges due under this Agreement, as indicated on the rental document based on your representation about this rental, may be set aside or reserved by the card issuer of the card, which you present for payment of your rental charges; or, if you use a debit card funds in the account to which that card is linked may be set aside for the greater of the amount of the estimated total charges due under this Agreement, based on your representation about this rental, as indicated on the rental document or the deposit amount indicated on signs at the location at which you rent at the time of rental. You consent to the reservation or setting aside of that estimated total amount at the time of commencement of the rental. You understand that we will authorize the release of any excess reserve or set aside upon the completion of your rental, and that your card issuer's rules apply to your credit line or your account being credited for such excess and may not be immediately released by your card issuer.

25. **Property in the Car.** We are not responsible for loss of or damage to any property in or on the car, in any service vehicle, on our premises, or received or handled by us, regardless of who is at fault. You'll be responsible to us for claims by others for loss or damage.

26. **Meaning of "Car".** The word "car" in this agreement means the vehicle rented or its replacement, and includes tires, tools, equipment accessories, plates, and documents, unless otherwise explicitly specified in this rental agreement.

27. **Changes.** Any change in this rental agreement or our rights must be in

writing and signed by our president or a vice president.

28. **Currency Conversion.** If you use a credit or charge card that is issued by a financial institution outside of the United States and your charges are billed to us in a currency other than U.S. Dollars, the full amount of your charges will be converted to the card account's billing currency by us unless you submit a written request in advance to have the currency conversion performed by your card issuer. Our conversion will be based on a conversion rate published by Reuters and will incorporate a processing charge no higher than 3% applied to all amounts relating to this transaction. This charge will replace the currency conversion processing charge applied by your card issuer. You understand that your card issuer has a currency conversion process; that you have chosen not to use your card issuer's currency conversion process; and that you will have no recourse against your card issuer with respect to any matter related to the currency conversion or disclosure thereof.

29. **OnStar.** You acknowledge that the car may be equipped with the OnStar System, which provides emergency and other services. You acknowledge authorize all of those services. You acknowledge that you understand that OnStar requires the car's electrical system and equipment, cellular service and satellite technologies to be available and operating for OnStar to function properly. Not all OnStar services are available on all cars. OnStar acts as a link to existing emergency and other service providers. Services are limited by, and neither OnStar nor Avis is liable for, conditions or services outside their control. Any information (e.g. navigational route support) provided through OnStar is on an "as is" basis. OnStar, its service providers and Avis will not be liable to you or any user of OnStar in connection with the use of such information. You understand and agree that OnStar may provide law enforcement with all necessary information to enable law enforcement to locate the car, if you fail to return the car when and where required under this agreement. You agree to release and hold us, and the OnStar service providers, harm-less for any OnStar system failures. You also agree to limit claims against OnStar for damages for any losses under any theory to the pro rata portion of the rate for use of the car for one day. Call 1.888.4OnStar (1.888.466.7827) to obtain a copy of OnStar's terms and conditions and privacy policy.

30. **Where2™ Global Positioning Satellite System.** At various locations, we may offer for rental a Where2 Global Positioning System for your use. If you rent such a unit you will pay the additional daily charge shown on the rental document. This unit is not part of the car. You are responsible for any loss or damage to the unit and its accessories regardless of cause even if you have accepted LDW. If the unit and/or its accessories are lost or damaged so as to, in our sole opinion, require repair or replacement, you will pay us its repair or full retail cost, which may be as much as $499. If you return the unit to a location other than the renting location without our authorization, you will pay us a fee for that unauthorized return. We do not use Where2 units to track or locate cars, other than those that are reported lost or stolen or as may be required by law enforcement agencies.



IT DOES EVERYTHING
BUT DRIVE YOU THERE!



Add where2® GPS to
your next Avis rental
Go to avis.com/services today.

**SAVINGS FOR** SMALL BUSINESS

Sign up for Avis Corporate Awards® to start enjoying benefits including:

- Low corporate rates that are up to 25% off
- Reward Days
- Complimentary Avis® Preferred® Service

Enroll today at avis.com/smallbiz or call 1-800-537-8269. It's FREE!

**AVIS CORPORATE AWARDS** PROGRAM

© 2010 Avis Rent A Car System, LLC          F-131C (7/10 Rev.)

© 2010 Avis Rent A Car System, LLC      F-131C (7/10)      Printed 7/10

# EXHIBIT 4

# AVIS.
## We try harder®

### TRANSACTION RECORD

| RENTAL NUMBER | CAR NUMBER | CAR GROUP |
|---|---|---|
| 538333272 | 11849460 | W |

SCHWARTZ , EDWARD
WIZ = W6M42J      AWD = V368304
CV - CAXXXXXXXXXXX3001
FTN CO/FN993637           2E

OUT MHT 15MAY11/2115 MI = 2327
IN  MHT 16MAY11/1316 MI = 2525
     198 MI@    .00 =
      16 HR@  76.00 =
         DY@   99.99 =
MINIMUM CHARGE      =    99.99
DISCOUNT  5.0       =     5.00
$6.25/DAY           =     5 25
$.60/DY ERF         =      .60
**10.00% FEE        =     9.57
FTP SR$ 0.76DY      =      75
TAXABLE SUBTOT      =   111.06
TAX 9.000%          =    10.00
GAS SVC OPTION      =    69 30

TOTAL CHARGES       =   190.36
 **CONCESSION FEE RECOUP
#$3.00/DY VEH LIC FEE &
$2.25/DY CUST FACILITY CHRG
ENERGY RECOVERY FEE   50/DY
FF MLS/PNTS EARNED    50

Thank you for renting from Avis.
We value your business. Have a safe trip.

### CODES
### METHOD OF PAYMENT

| | |
|---|---|
| CV | CLUB BILL |
| DI | DIRECT BILL |
| NA | CENTRAL BILL |

### CREDIT IDENTIFICATION

| | |
|---|---|
| AV | ALL AVIS CHARGE CARDS/AVIS COMPANY TRAVEL ORDERS |
| AV | GE CAPITAL CARD |
| AV | PH & H |
| AV | AT&T CAPITAL CARD |
| CA | AMERICAN EXPRESS |
| CD | DINERS CLUB/BP MULTICARD |
| CJ | JCB CARD |
| CM | MASTER CARD |
| CS | DISCOVER NETWORK |
| CX | VISA |
| PA | AIR TRAVEL |
| 8/ | SPECIAL ACCOUNT |
| SR | SEARS CARD |

### CAR GROUPS

| | | | |
|---|---|---|---|
| A | SUB-COMPACT | K | CONVERTIBLE |
| B | COMPACT | V | MINI VAN |
| C | INTERMEDIATE | P | 12 PASSENGER VAN |
| D | FULL SIZE 2 DOOR | S | SPORT |
| E | FULL SIZE 4 DOOR | W | STANDARD SUV |
| F | INTERMEDIATE SUV | L | PREMIUM SUV |
| G | PREMIUM | Z | FULL SIZE SUV |
| H | LUXURY | X | SPECIALTY |

**THIS IS NOT YOUR BILL.
ALL CHARGES ARE
SUBJECT TO REVIEW.**

Visit Avis online at avis.com

For inquiries call:
**800-352-7900**

F-392 (REV. 01/06)

# EXHIBIT 5

**From:** Avis.RentACar@avis.com [mailto:Avis.RentACar@avis.com]
**Sent:** Monday, May 16, 2011 1:47 PM
**To:** Edward Schwartz
**Subject:** E-Receipt for Avis Rental # 538333272

# Thank you for renting with Avis

**Avis Car Rental e-Receipt**

**Rental Agreement Number: 538333272**



| Customer Information: | | Vehicle Information | |
|---|---|---|---|
| Customer Name: | **EDWARD SCHWARTZ** | Car Group Rented: | STANDARD SUV |
| Wizard Number: | **\*\*\*42J** | Car Group Charged: | INTERMEDIATE SUV |
| Avis Worldwide Discount Number: | **V368341** | Car Make Model: | RED KIA SOR2 5PW |
| Customer Status: | **PREFERRED** | Plate Number | NH1455639 |
| Method of Payment: | **AMEX** | Car Number: | 11849460 |
| Credit Card #: | **CAXXXXXXXXXXX3001** | Mileage Out: 2327 | Fuel Out: 8/8 |
| | | Mileage In: 2525 | Fuel In: 8/8 |
| Freq Traveler: | CO/FN993537 | Mileage Driven: 198 | |

| Rental Information | | | |
|---|---|---|---|
| Pickup-Date/Time: | **15MAY11/2115** | Return Date/Time: | **16MAY11/1316** |
| Pick-up Location: | **AVIS OF MANCHESTER** | Return Location: | **AVIS OF MANCHESTER** |
| | **1 AIRPORT ROAD** | | **1 AIRPORT ROAD** |
| | **MANCHESTER BOSTON REGIONAL APO** | | **MANCHESTER BOSTON REGIONAL APO** |
| | **MANCHESTER, NH 03103 US** | | **MANCHESTER, NH 03103 US** |
| | **603-624-4000** | | **603-624-4000** |

## Vehicle Charges

| Time: | 48 miles @ .00 | 0.00 | TAX 9.000% | 10.00 |
|---|---|---|---|---|
| | 16 hours @ 75.00 | 0.00 | Gas Service Option | 69.30 |
| | 0 days @ 99.99 | 0.00 | Total Charges | 190.36 |
| | 0 weeks @ 499.95 | 0.00 | | |
| Minimum Charge | | 99.99 | | |
| Discount 5.0% | | -5.00 | | |
| Time & Mileage | | 94.99 | | |
| #$5.25/DAY | | 5.25 | | |
| $.50/DY ERF | | .50 | | |
| **10.00% FEE | | 9.57 | | |
| LDW | | 0.00 | | |
| FTP SR$ 0.75DY | | .75 | | |
| SUBTOTAL | | 111.06 | Amount Due | 190.36 |

**CONCESSION FEE RECOUP
#$3.00/DY VEH LIC FEE &
$2.25/DY CUST FACILITY CHRG
ENERGY RECOVERY FEE .50/DY
FF MLS/PNTS EARNED 50

### Avis e-Receipt

Please do not reply to this message.
If you have questions regarding this rental or if you do not wish to unsubscribe from e-Receipt, please e-mail e.receipts@avis.com..
Attached is your receipt in Portable Document Format(PDF).

Thank you for not smoking. Avis maintains a 100% smoke-free fleet

Avis, 6 Sylvan Way, Parsippany, NJ 07054.

© 2010 Avis Rent A Car System, LLC. Avis features GM vehicles.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender's employer is not liable for any loss or damage arising in any way from this message or its attachments.



**Edward Schwartz**

**ORG Portfolio Management**
3733 Park East Drive
Suite 210
Cleveland Ohio 44122

ESchwartz@orgpm.com
http://www.orgpm.com

tel: 216-468-0055
fax: 216-468-0054

This message contains confidential information and is intended only for karon@gsk-law.com. If you are not karon@gsk-law.com you should not disseminate, distribute or copy this e-mail. Please notify ESchwartz@orppm.com immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Edward Schwartz therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

## Thank you for renting with Avis

**Avis Car Rental E-Receipt**

**Rental Agreement Number:538333272**



| **Customer Information** | | **Vehicle Information** | |
|---|---|---|---|
| Customer Name: | EDWARD SCHWARTZ | Car Group Rented: | STANDARD SUV |
| Wizard Number: | ***42J | Car Group Charged: | INTERMEDIATE SUV |
| Avis Worldwide Discount Number: | V388341 | Car Make Model: | RED KIA SOR2 5PW |
| Customer Status: | PREFERRED | Plate Number: | NH1455639 |
| Method of Payment: | AMEX | Car Number: | 11849460 |
| Credit Card #: | CAXXXXXXXXXXX3001 | Mileage Out: 2327 | Fuel Out: 8/8 |
| | | Mileage In: 2525 | Fuel In: 8/8 |
| Freq Traveler: | CO/FN993537 | Mileage Driven: 198 | |

**Rental Information**

| Pickup-Date/Time: | 18MAY11/2115 | Return Date/Time: | 18MAY11/1316 |
|---|---|---|---|
| Pick-up Location: | AVIS OF MANCHESTER | Return Location: | AVIS OF MANCHESTER |
| | 1 AIRPORT ROAD | | 1 AIRPORT ROAD |
| | MANCHESTER BOSTON REGIONAL APO | | MANCHESTER BOSTON REGIONAL APO |
| | MANCHESTER, NH 03103 US | | MANCHESTER, NH 03103 US |
| | 603-624-4000 | | 603-624-4000 |

**Vehicle Charges**

| Time: | 48 miles @ .00 | 0.00 | TAX 8.000% | 10.00 |
|---|---|---|---|---|
| | 18 hours @ 75.00 | 0.00 | Gas Service Option | 69.30 |
| | 0 days @ 99.99 | 0.00 | Total Charges | 190.36 |
| | 0 weeks @ 499.95 | 0.00 | | |
| Minimum Charge | | 99.99 | | |
| Discount 5.0% | | -5.00 | | |
| Time & Mileage | | 94.99 | | |
| #$5.25/DAY | | 5.25 | | |
| $.50/DY ERF | | .50 | | |
| **10.00% FEE | | 9.57 | | |
| LDW | | 0.00 | | |
| FTP 8R$ 0.75DY | | .75 | | |
| SUBTOTAL | | 111.06 | Amount Due | 190.36 |

**CONCESSION FEE RECOUP
#$3.00/DY VEH LIC FEE &
$2.25/DY CUST FACILITY CHRG
ENERGY RECOVERY FEE .50/DY
FF MLS/PNTS EARNED 50**

**Avis Car Rental E-Receipt**

Please do not reply to this message.
If you have questions regarding this rental or if you wish to unsubscribe from e-Receipt, please e-mail e.receipts@avis.com.
Thank you for not smoking. Avis maintains a 100% smoke-free fleet
Avis, 6 Sylvan Way, Parsippany, NJ 07054..
© 2010 Avis Rent A Car System, LLC. Avis features GM vehicles.