# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Edward Schwartz, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Avis Rent A Car System, LLC,<br><br>Defendant. | Civil Action No.  11-4052(JLL) |

### PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT TO ADD AVIS BUDGET GROUP, INC. AS AN ADDITIONAL DEFENDANT

Bruce D. Greenberg
Jeffrey A. Shooman
**LITE DEPALMA GREENBERG, LLC**
Two Gateway Center, 12th Floor
Newark, NJ 07102
Telephone:    (973) 623-3000
Facsimile:     (973) 623-0585
E-mail: bgreenberg@litedepalma.com
         jshooman@litedepalma.com

Laura Killian Mummert (admitted *pro hac vice*)
**GOLDMAN SCARLATO KARON & PENNY, P.C.**
101 E. Lancaster Ave., Suite 204
Wayne, PA 19087
Telephone:   (484) 342-0700
Facsimile:    (484) 580-8747
E-mail:         mummert@gskplaw.com

Daniel R. Karon (admitted *pro hac vice*)
**GOLDMAN SCARLATO KARON & PENNY, P.C.**
700 W. St. Clair Ave., Suite 204
Cleveland, OH 44113
Telephone:   (216) 621-1851
Facsimile:    (216) 363-5835
E-mail: karon@gskplaw.com

*Attorneys for Plaintiff and the Class*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I. INTRODUCTION ............................................................................................. 1

II. SINCE ABG *DIRECTLY* PARTICIPATED IN THE MISCONDUCT ALLEGED, PLAINTIFF NEED NOT ALLEGE A CORPORATE-VEIL THEORY OF LIABILITY .............................................................................. 1

III. THE PROPOSED THIRD AMENDED COMPLAINT SUFFICIENTLY ALLEGES THE DIRECT LIABILITY OF ABG ............................................ 5

IV. CONCLUSION ................................................................................................. 6

# **TABLE OF AUTHORITIES**

*Seltzer v. I.C. Optics, Ltd.*,
  339 F. Supp. 2d 601 (D.N.J. 2004) ...................................................................5

*United States v. Bestfoods,*
  524 U.S. 51, 64 (1998) .....................................................................................2

*Verni v. Harry M. Stevens, Inc.*,
  387 N.J. Super. 160 (App. Div. 2006) ..............................................................5

## I. INTRODUCTION

Avis Rent a Car System, LLC ("ARACS") does not dispute that good cause exists to adjust the April 23, 2012 Scheduling Order so that Plaintiff may amend his complaint to add Avis Budget Group ("ABG") as a defendant. ARACS does not dispute an absence of prejudice and undue delay if the Court allows Plaintiff's proposed amendment. And ARACS does not dispute that the people involved in operating and controlling www.avis.com and the associated rental documents are ABG employees. Rather, ARACS asserts a straw-man argument that Plaintiff's proposed amendment fails to allege a basis for piercing ABG's corporate veil. This argument not only ignores the testimony of ABG's employees and Plaintiff's allegation that ABG has direct responsibility for www.avis.com's content and the associated rental documents, but also this Court's earlier ruling that identical allegations against ARACS sufficiently alleged a claim under the New Jersey Consumer Fraud Act ("NJCFA"). That same NJCFA claim, along with a claim for declaratory and injunctive relief, is the only claim Plaintiff's amendment alleges against ABG.

## II. SINCE ABG *DIRECTLY* PARTICIPATED IN THE MISCONDUCT ALLEGED, PLAINTIFF NEED NOT ALLEGE A CORPORATE-VEIL THEORY OF LIABILITY

"[D]erivative liability cases are to be distinguished from those in which the alleged wrong can seemingly be traced to the parent through the *conduit of its own*

1

*personnel and management* and the parent is *directly a participant* in the wrong complained of." *United States v. Bestfoods,* 524 U.S. 51, 64 (1998) (emphasis added and internal quotation marks omitted). "In such instances, the parent is *directly liable* for its own actions." *Id.* at 65 (emphasis added).

Cited by ARACS, *Bestfoods* involved a parent corporation's alleged direct liability for the cost of cleaning up hazardous waste from its subsidiary's facility. *Id.* at 61-70. Although the case involved an alleged CERCLA violation, the Supreme Court's reasoning regarding parent-subsidiary liability is instructive.

The Court explained that the test for analyzing a parent company's direct liability, which is what Plaintiff charges here, is distinct from the actual-control test used for assessing *indirect* liability when attempting veil-piercing. "The question is not whether the parent operates the subsidiary, but rather whether it operates *the facility*,[1] and that operation is evidenced by participation in the activities *of the facility*, not the subsidiary." *Id.* at 68 (emphasis added). In other words, a district court must not focus on the relationship between the parent and its subsidiary to evaluate direct liability but rather the relationship of the parent to the activity that gives rise to Plaintiff's claim. *See id*.

---

[1] CERCLA defines "facility" broadly to mean any "building, structure, installation, equipment," and similar business undertaking, *id.* at 56 n.2, which for present purposes can be analogized to www.avis.com and the rental documents, because CERCLA's facility definitions do not neatly fit the facts of this case.

2

In *Bestfoods,* the parent company's governmental and environmental affairs director was "heavily involved in environmental issues" at the subsidiary, "actively participated in and exerted control over a variety of [the subsidiary's] environmental matters," and "issued directives regarding [the subsidiary's] responses to regulatory inquiries." *Id*. at 72. In a unanimous decision, the Court held that this evidence was "enough to raise an issue of [the parent's] operation of the facility through [its employee's] actions" and remanded the case on the theory of direct liability. *Id*. 72-73.

Applying the Court's guidance, the question here is not whether ABG operates ARACS but rather whether ABG operates www.avis.com and controls the *rental documents* associated with Plaintiff's rental, as these items are the "facility" or undertaking that drove ARACS's scheme. Discovery from ARACS reveals that ABG *does* operate www.avis.com and that ABG *does* control the associated rental documents. ARACS never suggested otherwise. Instead it concedes that ABG personnel operate and control www.avis.com, and that ABG personnel manage the rental documents that govern Avis rental transactions. *See* Brief in Opposition at 1 ("many of the Avis personnel involved in these aspects of the business are technically employees of ABG"). And despite a statement on www.avis.com that claims it is "controlled and operated by" ARACS, ARACS has failed to identify a single ARACS's employee, director, or officer with knowledge about or

3

responsibility for the acts alleged. Indeed, the testimony of the only individuals it did identify – three ABG employees – does not even suggest that ARACS had *any* responsibility for the content on www.avis.com or the content in the rental documents.

Despite the evidence, ARACS insists that ABG cannot be held liable because ABG uses "common employees to exercise overlapping responsibilities with respect to [the Avis and Budget] brands." Brief in Opposition at 2. ARACS urges that according to *Bestfoods,* the fact that officers and directors hold positions with both the parent and its subsidiary and "can and do 'change hats' to represent the two corporations separately" alone is not enough to establish direct liability of the parent. 524 U.S. at 69-70. But ARACS ignores that *Bestfoods* did not extend and apply that principle to shared employees of the parent company who were not officers or directors of the subsidiary. *Id.*

Here, the ABG employees responsible for the content of www.avis.com and the rental documents are *not* high-ranking officers or directors of either ABG or ARACS and were acting only as ABG employees on behalf of ABG. *See id.* at 72, (the actions of an individual who was not an employee, officer, or director of the subsidiary and worked only for the parent company were taken only on behalf of the parent). And ARACS has provided no indication that those employees were

4

acting on behalf of or as employees of ARACS. Indeed, as discussed, *supra*, these types of employees may in fact give rise to direct liability of the parent.

Finally, ARACS's reliance on *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601 (D.N.J. 2004) and *Verni v. Harry M. Stevens, Inc.*, 387 N.J. Super. 160 (App. Div. 2006), is similarly misplaced. In *Verni*, the court considered whether a parent corporation was responsible for its corporate subsidiary's dram shop liability – *not* whether the parent corporation itself had participated in the misconduct. 387 N.J. Super. at 197-203. And *Seltzer* questioned whether, for jurisdictional purposes, plaintiff could attribute a New Jersey corporation's actions to its Italian parent on an alter-ego theory. 339 F. Supp. 2d at 609. Finding that the parent company "itself committed no tortious or illegal acts," the court concluded that New Jersey has little interest in haling them into court in this state." *Id.* at 613.

### III. THE PROPOSED THIRD AMENDED COMPLAINT SUFFICIENTLY ALLEGES THE DIRECT LIABILITY OF ABG.

Plaintiff's prior second amended complaint alleged that "Avis controls its website, www.avis.com, from [its] headquarters." Dkt. No. 44 at ¶ 2. This Court previously ruled that this and the other allegations in Plaintiff's complaint sufficiently stated claims against ARACS for direct liability under the New Jersey Consumer Fraud Act. *See* September 19, 2012 Order and Opinion denying ARACS's motion to dismiss (Dkt. Nos. 56-57). Plaintiff's proposed Third Amended Complaint makes identical allegations against ABG. *See* Dkt. No. 73-6

5

at ¶ 4 ("Together, Defendant ABG and Defendant ARACS control the website, www.avis.com, from these headquarters."). Accordingly, the proposed amended complaint also sufficiently states a claim against ABG for direct liability under the New Jersey Consumer Fraud Act.

## IV.  CONCLUSION

ABG contributed to, if not ran, ARACS's scheme to charge Plaintiff for frequent-flyer miles without suitable disclosure. Plaintiff did not know—indeed, could not have known—of ABG's involvement before deposing all of the people that ARACS identified in its initial disclosures, who were not ARACS's employees but *ABG's* employees. Had Plaintiff known to name ABG from the get-go, there would have been no basis for ABG's dismissal then. It is only because Plaintiff unearthed damning evidence against ABG two years into this case that he must seek this Court's permission to do now what he could not do earlier. After all, ARACS itself put ABG into this case by identifying three witnesses who explained the liability story as it relates to ARACS *and* ABG.

For the reasons set forth above, Plaintiff respectfully submits that this Court should grant his motion for leave to file his Third Amended Complaint.

                                        **LITE DEPALMA GREENBERG, LLC**

Dated: April 23, 2013         */s/ Bruce D. Greenberg*
                                        Bruce D. Greenberg
                                        Jeffrey A. Shooman
                                        Two Gateway Center, 12th Floor
                                        Newark, NJ 07102
                                        Telephone: (973) 623-3000

                                        Daniel R. Karon (admitted *pro hac vice*)
                                        **GOLDMAN SCARLATO KARON & PENNY, P.C.**
                                        700 W. St. Clair Avenue, Suite 204
                                        Cleveland, OH 44113
                                        Telephone: (216) 622-1851

                                        Laura Killian Mummert (admitted *pro hac vice*)
                                        **GOLDMAN SCARLATO KARON & PENNY, P.C.**
                                        101 E. Lancaster Ave., Suite 204
                                        Wayne, PA 19087
                                        Telephone: (484) 342-0700

                                        *Attorneys for Plaintiff and the Class*