NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
EDWARD SCHWARTZ, on behalf of       :
himself and others similarly situated, :
                                    :
          Plaintiff,                :     Civil Action No. 11-4052 (JLL)
                                    :
     v.                             :
                                    :
AVIS RENT A CAR SYSTEM, LLC,        :     OPINION
                                    :
          Defendant.                :
_____:

This matter comes before the Court on Plaintiff Edward Schwartz's ("Plaintiff" or "Schwartz") motion for leave to file a Third Amended Complaint pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4). Schwartz seeks to add Avis Budget Group, Inc. ("ABG"), the parent company of defendant Avis Rent A Car Systems, LLC ("Defendant" or "Avis"), as an additional defendant for violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1. The Court has considered this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Plaintiff's motion.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 14, 2011, Plaintiff filed a complaint, on behalf of himself and others similarly situated, for damages and injunctive relief, against Avis for allegedly charging him and class members hidden surcharges for frequent-flyer miles or rewards points earned from Avis's travel partners in connection with their rental-car agreements. Compl. ¶ 1, July 14, 2011 (ECF No. 1).

1

Plaintiff alleges that Defendant did not "disclose to anyone–in an objectively visible and understandable way–that it will charge all customers for frequent-flyer miles or rewards-points earned with their vehicle rentals." Compl. ¶ 28 (ECF No. 1). Avis allegedly "makes customers believe that it will provide them frequent-flyer miles or reward points at no additional charge while unnoticeably charging them for these miles or points." Id. ¶ 29. The lawsuit concerns only online vehicle rentals made through Avis's website. Id. ¶ 7. Therefore, Plaintiff filed suit against Defendant under the belief that Defendant is the party responsible for the disclosures, or lack of, on the website, and for the allegedly undisclosed charges, and believed that Defendant's initial disclosures confirmed this assumption. Pl. Brief, ECF No. 73-1, at 4-5. Plaintiff now seeks to add ABG, the parent company of Avis. Id. at 5.

On August 11, 2011, Plaintiff filed his First Amended Complaint ("FAC") which asserted (1) a claim for violation of the NJCFA, (2) a claim for breach of contract, (3) a claim for breach of the covenant of good faith and fair dealing, (4) a claim for injunctive relief under New Jersey law, and (5) a claim for declaratory relief pursuant to the Declaratory Judgment Act. FAC ¶ 59–78 (ECF No. 4). Avis filed a motion to dismiss for failure to state a claim, and for failure to plead the fraud allegations in the NJCFA claim with sufficient particularity. Mot. to Dismiss, ECF No. 11-1 at 2. The Court dismissed Plaintiff's NJCFA claim without prejudice and denied the remainder of Defendant's motion. May 29, 2012 Order, ECF No. 39.

Plaintiff filed his Second Amended Complaint ("SAC") (ECF No. 44), and Defendant subsequently filed a second motion to dismiss on July 9, 2012 (ECF No. 47). The Court denied Defendant's motion in its entirety, finding that Plaintiff adequately had pled each of the five claims asserted in the SAC. Sept. 18. 2012 Order (ECF No. 56).

On April 23, 2012, the Court entered a Scheduling Order that divided discovery into two phases—the first for class-certification and the second for discovery on the merits of Plaintiff's claims. April 23, 2012 Order, ECF No. 34. The parties have not yet begun merits-based discovery. Pl. Brief, ECF No. 73-1, at 4. On May 9, 2012, Defendant served its initial disclosures pursuant to Federal Rule of Civil Procedure 26, and listed four people likely to possess discoverable information, identifying them as employees or former employees of Avis or ABG. Decl. of Laura Killian Mummert ("Mummert Decl."), Exh. 1 at 2–3 (ECF No. 73-3). Three of the persons named were employees of ABG. In light of Defendant's identification of ABG employees, Plaintiff served discovery to probe the relationship between Avis and ABG. Id. at 10, ¶ 2.

On January 9, 2013, after several allegedly unsuccessful attempts to obtain a more detailed explanation from Defendant as to its relationship with ABG, Plaintiff requested available dates for the depositions of the three individuals identified in Avis's initial disclosures as ABG employees. Pl. Brief, ECF No. 73-1, at 9. These depositions took place between February 4 and 14, 2013. During those depositions, Plaintiff claims that he learned that the ABG employees had direct responsibility for the Avis.com website, Avis rental agreement, and the Avis Frequent Traveler Program, all of which are at the center of the parties' dispute. Mummert Decl., Exh. 14-16 (portions of relevant deposition transcripts). Plaintiff then filed the instant motion for leave to file a third amended complaint on March 8, 2013. However, the Scheduling Order set September 15, 2012, as the deadline to move to add new parties or amend the pleadings. April 23, 2012 Order, ECF No. 34, ¶ 13.

**II.     DISCUSSION**

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." Karlo v. Pittsburgh Glass Works, LLC, No. 10-1283, 2011 U.S. Dist. LEXIS 125667, at *2 (W.D. Pa. Oct. 31, 2011).  Here, Plaintiff filed his motion after the pretrial scheduling order's deadline for filing motions to amend the pleadings had passed.  "Therefore, if a party has filed a motion to amend 'after the deadline set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15.'" Karlo, 2011 U.S. Dist. LEXIS 125667, at *2. Rule 16 requires a moving party to demonstrate "good cause" for "its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." Componentone, LLC v. Componentone, Inc., No. 05-1122, 2007 U.S. Dist. LEXIS 60165, at *2 (W.D. Pa. Aug. 16, 2007).  In turn, Federal Rule of Civil Procedure 15(a)(2) states, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  In this case, the Court must first consider whether Plaintiff satisfies Rule 16, because Plaintiff's motion post-dates the September 15, 2012, deadline set forth in the Scheduling Order. If Plaintiff satisfies Rule 16, the Court will then consider his application pursuant to Rule 15.[1]

---

[1] Defendant does not oppose the proposed amendments on the basis of undue delay or a lack of good cause under Rule 16.  Instead, as discussed below, Defendant's sole basis of opposition is that the proposed amendments are futile because ABG had no involvement with the allegations therein.

4

A.     **Rule 16 "Good Cause" Requirement**

"For a moving party to make a showing of good cause, they must demonstrate diligence." Prince v. Aiellos, No. 09-5429, 2012 U.S. Dist. LEXIS 95996, at *18 (D.N.J. July 10, 2012). The moving party bears the burden of demonstrating that "despite its diligence, it could not reasonably have met the scheduling order deadline." Hutchins v. UPS, No. 01-1462, 2005 U.S. Dist. LEXIS 15625, at *8 (D.N.J. July 26, 2005). "[T]he standard for establishing the requisite diligence is not satisfied when a plaintiff was aware of the facts that would lead him or her to amend a complaint and then failed to act on that knowledge by moving to so amend." Prince, 2012 U.S. Dist. LEXIS 95996, at *19. "[T]he movant must demonstrate that its delay in seeking to amend is satisfactorily explained." Harrison Beverage Co. V. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990). "What will constitute 'good cause' to warrant modification 'necessarily varies with the circumstances of each case. The Court therefore has 'great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule 16(b).'" Roggio v. FBI, No. 08-4991, 2011 U.S. Dist. LEXIS 91710, at *14 (D.N.J. Aug. 17, 2011) (citing Thoman v. Philips Med. Sys., No. 04-3698, 2007 U.S. Dist. LEXIS 4990, at *10 (D.N.J. Jan. 24, 2007)) (internal citations omitted).

In the instant case, the deadline to file a motion to amend was September 15, 2012. Plaintiff alleges that he has been reasonably diligent in trying to ascertain further information from Defendant during discovery regarding its relationship with ABG, and that Defendant failed to clarify why ABG workers were identified in its initial disclosures as people with knowledge about Plaintiff's claims. Pl. Brief, ECF No. 73-1, at 10. Plaintiff contends that he was able to discover ABG's role only upon completing the depositions in February 2013, which post-dated

5

the deadline for amending the pleadings and adding parties. Therefore, Plaintiff contends that good cause exists for this Court to allow the proposed amendment.

The Court finds that Plaintiff acted with diligence in seeking leave to amend to add ABG. Plaintiff did not know at the outset of the litigation the relationship of ABG and Avis as it is relevant to the facts of the case. Defendant included ABG employees in its Rule 26 disclosures and because discovery was delayed, the depositions of those ABG employees only recently took place. It was during those depositions that Plaintiff learned of ABG's oversight and management of the Avis.com website and the Avis frequent traveler program. And only then did Plaintiff have enough information to bring a claim against ABG.

Courts have found diligence in similar situations. Carroll v. Setcon Indus., No. 10-4737, 2012 U.S. Dist. LEXIS 109585, at *21 (D.N.J. Aug. 6, 2012) ("The Court finds that [defendant's] name was unknown to Carroll at the time the Complaint was filed, but that Carroll consistently took steps to identify [defendant's] name before and after filing the Complaint."); see also Wyeth v. Medtronic, Inc., No. 08-1021, 2011 U.S. Dist. LEXIS 47403 (D.N.J. May 2, 2011) (granting plaintiffs' motion to add defendant's subsidiary as additional defendant, finding that plaintiffs did not unduly delay and good cause exists). Defendant makes no argument that the Rule 16 standard is not satisfied. For these reasons, the Court finds that Plaintiff has shown "good cause" for filing an untimely motion to amend.

### B.  Rule 15 Requirements

Next, the Court addresses whether Plaintiff has satisfied Rule 15, which governs amendments to pleadings. Rule 15(a) provides, in relevant part:

(1) Amending as a Matter of Course. A party may amend its pleading once as a

> matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a).  The federal rules liberally allow for amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and provide that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations marks omitted).

Under Rule 15, the decision to permit an amendment rests in the sound discretion of the Court.  See id.; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981).  The United States Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  See Foman, 371 U.S. at 182; Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) ("Leave to amend must generally be granted unless equitable considerations render it otherwise unjust.").  Stated differently, absent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment.  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (citations, internal quotation

7

marks, and emphasis omitted).  Under Rule 15, leave to amend is generally granted where, during the course of discovery, a party discovers "new evidence."  See, e.g., Kronfeld v. First Jersey Nat'l Bank, 638 F. Supp. 1454, 1460 (D.N.J. 1986) (granting motion to amend upon discovery of new evidence where it did "not appear that the amendment would cause undue delay or that plaintiffs have a dilatory motive").

     Avis's only argument in opposition to Plaintiff's amendment is that it is futile.  "In determining the futility of a proposed amendment, the district court must apply the same standard of legal sufficiency as under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Johnson, 673 F. Supp. 2d at 248.  To withstand a Rule 12(b)(6) motion to dismiss, a complaint need not include detailed factual allegations.  However, a plaintiff must provide the basis for his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  A complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

     Avis argues that by adding ABG, Plaintiff is improperly attempting to "pierce the corporate veil."  Def. Opp., ECF No. 82, at 6.  The Court disagrees.  The proposed Third Amended Complaint does not state a claim for indirect or vicarious liability against ABG based on the actions of Avis Rent a Car System Inc..  Rather, Plaintiff alleges that ABG is directly liable for the same misconduct he has alleged against Avis.  This conduct concerns the Avis website, and Plaintiff alleges that ABG controlled the website with Avis from the corporate headquarters that they shared.  Proposed Third Amended Complaint, ECF No. 73-6, ¶ 4.  As

noted earlier, the website is central to the Plaintiff's allegations because the reservation process that he used with Avis was web-based; indeed, "[t]his lawsuit currently concerns only vehicle rentals made through www.avis.com." Id. ¶ 9. In particular, Plaintiff alleges that during the "online reservation process" Avis "charges its customers a surcharge for 'earning' miles or reward points from its Travel Partners when at all stages in the rental process Avis suggests to its customers that it would provide them these miles or reward points at no additional charge." Id. at ¶¶ 24-26. See also id. ¶ 32 ("Unlike surcharges for the Energy Recovery Fee, Customer Facility Charge, and rental options like GPS Navigation, Avis does not list its frequent-flyer miles or rewards-points surcharge on the estimated total that Avis prominently displays during the online reservation process, nor does Avis list this surcharge anywhere on the e-mail reservation confirmation that itemizes every *other* charge Avis intends to charge its customers.") (emphasis in original). Because Plaintiff is alleging that ABG, as well as Avis, had control over the website, and the content and omissions of the website give rise to the alleged fraud, the allegations of the proposed Third Amended Complaint directly implicate ABG.

Defendant relies on the Supreme Court decision in United States v. Bestfoods, 524 U.S. 51 (1998). But as Plaintiff points out in his reply, the Court was explicit that "derivative liability cases are to be distinguished from those in which the alleged wrong can seemingly be traced to the parent through the conduit of its own personnel management and the parent is directly a participant in the wrong complained of." Id. at 64. Plaintiff does not allege that ABG is liable because it controlled Defendant's employees–but that ABG is liable because of its own actions. Plaintiff's allegations against ABG mirror its allegations against Avis. Thus, Plaintiff's present motion for leave to amend merely states the same allegations, which the Court has deemed

sufficient, against an additional, albeit related, party. See Sept. 18, 2012 Order (ECF No. 56). For these reasons, the Court cannot conclude that Plaintiff's allegations against ABG are futile.

As noted above, courts within the Third Circuit favor a liberal policy in granting amendments to pleadings, including adding parent companies for their direct involvement. See e.g., Agere Sys. Guardian Corp. v. Proxim, Inc., 190 F. Supp. 2d 726, 736 (D. Del. 2002); Johnson, 673 F. Supp. 2d (granting plaintiff's motion to add parent company as a defendant, on grounds that the amended complaint relates back to the initial complaint and thus is not futile); Sepracor Inc. v. Dey L.P., No. 06-133, 2010 U.S. Dist. LEXIS 71955 (D. Del. July 15, 2010) (allowing plaintiff to add defendants' parent company as party to the litigation based on its involvement in the action giving rise to the litigation). Moreover, merits-based discovery has not commenced and it appears that adding ABG will not require significantly more, if any, discovery related to class-certification. See Pl. Brief, ECF No. 73-1, at 4. Thus, the Court finds that Plaintiff has satisfied Rule 15 and should be granted leave to file the proposed Third Amended Complaint.[2]

---

[2] The Court reaches this decision without prejudice to the right of Avis or ABG to move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion for leave to file the proposed Third Amended Complaint (ECF No. 73) is granted. The Court will issue an order consistent with this Opinion.

<u>*s/ Michael A. Hammer*</u>
UNITED STATES MAGISTRATE JUDGE

Dated: May 20, 2013