# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD SCHWARTZ, on behalf of himself and others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>AVIS RENT A CAR SYSTEM, LLC, and AVIS BUDGET GROUP, INC.,<br><br>          Defendants. | Civil Action No. 11-4052 (JLL) (JAD) |

## OBJECTION OF MARK RAY

# INTRODUCTION

The proposed settlement is not fair, adequate and reasonable; it creates intra-class conflicts and implicates adequacy problems; and the proposed award of attorneys' fees is excessive.

## STANDING AND PROCEDURES TO OBJECT

Objector's full name, address and telephone number are as follows:

Mark Ray
210 S. Carancahua
Corpus Christi, Texas 78401
Tel:  (361) 813-6949
Email:  mray@bordenins.com

Objector is a class member who has timely filed a claim and therefore has standing to make this objection. *See* Declaration of Mark Ray, Exhibit A hereto, incorporated by reference as though set forth in full. My Budget Rapid Rez with Fastbreak Program membership number is HT327P. Objector is represented by Eisenberg, Gold, Cettei & Agrawal, P.C. and Bandas Law Firm, PC. Chris Bandas of Bandas Law Firm does not presently intend on making an appearance for himself or his firm. The statement of the objections and the grounds therefor are set forth below. Objector does not intend on appearing at the fairness hearing either in person or through counsel but asks that this objection be submitted on the papers for ruling at that time. Objector relies upon the documents contained in the Court's file in support of these objections. Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are

contained herein on grounds that such requirements seek irrelevant information to the objections, are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate Objector's and counsel's due process rights and/or Rule 23.

## PRELIMINARY BACKGROUND

This is a proposed claims-made settlement agreement brought on behalf of customers of Avis and Budget who were members of the Avis Preferred Service Program and/or the Budget Rapid Rez with Fastbreak Program, rented vehicles through the respective companies via their websites, and were wrongfully charged an "FTP" surcharge for receiving frequent-flyer miles from the companies' travel partners during the class period.

Claims were brought against Avis and Budget based on allegations that they represented that frequent flyer miles would be provided without charge, as most frequent flyer miles are; but, in fact, Avis and Budget would charge $.75 per rental day for the receipt of frequent flyer miles. Plaintiffs alleged that Avis and Budget violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("CFA"), and also alleged that their conduct constituted a breach of contract.

Litigation drew out for nearly five years before the parties finally reached a settlement. *See* Class Notice, at 9, ¶ 16 ("To earn these fees and expenses, Plaintiffs' counsel spent almost five years of time and effort"). Under the agreement, the settlement classes are defined as follows:

3

> *Avis Settlement Class*
>
> All members of the Avis Preferred Service Program who rented a vehicle in the United States through www.avis.com, and paid an FTP Surcharge for receiving frequent-flyer miles from any of Avis's travel partners at any time between July 14, 2005 and June 14, 2012, and who did not properly or timely exercise their rights to opt out of the settlement.
>
> *Budget Settlement Class*
>
> All members of the Budget Rapid Rez with Fastbreak Program who rented a vehicle in the United States through www.budget.com, and paid an FTP Surcharge for receiving frequent-flyer miles from any of Budget's travel partners at any time between November 27, 2006 and February 17, 2013, and who did not properly or timely exercise their rights to opt out of the settlement.

Class Notice, at 4.

The settlement sets up a claims procedure in which members of the class can elect (1) a 10% discount off a future Avis or Budget rental, or (2) a cash payment based on the total FTP surcharge paid by the class member.

According to the district court's opinion certifying the class as to Avis, "11.9 million rental transactions" that "involved a frequent-flyer surcharge" occurred through Avis's website during the class period. 11004052, Opinion, Doc. 157, p. 14. Presumably, millions of rental transactions involving a FTP surcharge likewise occurred through Budget's website during the class period as well.

According to class counsel, if all members of the Avis settlement class chose discounts, the value would be $10,924,556. Meanwhile, if every Avis settlement class member chose cash, the value would be $4,126,135, which class counsel claims would

4

be an "extraordinary 50% recovery." Memorandum of Law of Plaintiffs and the Classes in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement. Doc. 60-1, p. 9.

Also according to class counsel, if all members of the Budget settlement class chose discounts, the value would be $2,853,525, while if everyone opted for cash, the value of that settlement would be $1,195,782. Memorandum of Law of Plaintiffs and the Classes in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement, Doc. 60-1, at 6.

Meanwhile, under the settlement agreement class counsel have agreed to attorneys' fees in the amount of $3,050,000. Notably, Avis and Budget have agreed not to contest the award of attorneys' fees and expenses to Plaintiffs for any amount up to $3,050,000. Settlement Agreement, Doc 178-2, at 20, ¶ 12. While there is apparently no language discussing what happens in the event that less than the $3,050,000 is awarded, since the settlement is structured on a claims-made basis, any money that would have otherwise been paid by the Defendants in attorneys' fees will remain in the hands of the Defendants.

## OBJECTIONS

**The Proposed Settlement Is Not Fair Adequate And Reasonable.**

Objector asserts that the settlement agreement is patently unfair to both Avis and Budget class members in that it awards class counsel an extraordinary sum of attorneys' fees at the expense of the recovery of the class.

5

Class action settlements obviously "present unique due process concerns for absent class members[.]" *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir.1998). As the Sixth Circuit explained in *In re Dry Max Pampers Litigation*:

> Class-action settlements are different from other settlements. The parties to an ordinary settlement bargain away only their own rights—which is why ordinary settlements do not require court approval. In contrast, class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations. And thus, there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own.

724 F.3d 713, 715 (6th Cir 2013) ("*Pampers*").

Given these concerns, district courts have a duty, akin to that of a fiduciary, to protect the interests of the absent class members. *Allen v. Bedolla*, 787 F.3d 1218, 1223-24 (9th Cir. 2015); *Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1320 (S.D. Fla. 2007) ("The district court's duty to absent class members is "akin to the high duty of care that the law requires of fiduciaries") (quoting *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006)); *see also Sullivan v. DB Invs., Inc.,* 667 F.3d 273, 319 (3d Cir.2011) ("trial judges bear the important responsibility of protecting absent class members, and must be assur[ed] that the settlement represents adequate compensation for the release of the class claims"); *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 280 (7th Cir.2002) (at the settlement

phase, the district judge is "a fiduciary of the class," subject "to the high duty of care that the law requires of fiduciaries"). Thus, district courts must "[c]areful[ly] scrutin[ize]" class action settlements "'to guard against settlements that may benefit the class representatives or their attorneys at the expense of the absent class members.'" *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983) (quoting *U.S. v. City of Miami*, 614 F.2d 1322, 1331 (5th Cir. 1980), *modified on other grounds*, 664 F.2d 435 (5th Cir. 1981) (*en banc*)); *see also Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1215–16 (5th Cir. 1978) (commanding district courts to "always consider the possibility that that an agreement reached by the class attorney is not in the best interest of the class" and to beware of settlements that enrich class counsel to a greater degree than they do the absent class). "[T]he district judge has a heavy duty to ensure that any settlement is 'fair, reasonable, and adequate' and that the fee awarded plaintiffs' counsel is entirely appropriate." *Piambino*, 757 F.2d at 1139*; see also General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995) ("Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed") (citations omitted).

The district court's oversight role does not end at making sure that the settling parties engaged in adversarial arm's length settlement negotiations. *Redman v. RadioShack Corp.*, 768 F.3d 622, 628 (7th Cir. 2014). Because "[t]he defendant, and therefore its counsel, is uninterested in what portion of the total payment will go to

the class and what percentage will go to the class attorney," *Piambino II*, 757 F.2d at 1143 (quoting *Foster v. Boise-Cascade, Inc.*, 420 F. Supp. 674, 686 (S.D. Tex. 1976), *aff'd* 577 F.2d 335 (5th Cir. 1978)), it is the district court's place to review the settlement for "subtle signs that class counsel have allowed pursuit of their own self-interest and that of certain class members to infect the negotiations." *Pampers*, 724 F.3d at 718 (internal quotation omitted).

The burden of proving the fairness of the settlement is on the proponents. *Gen. Motors.*, 55 F.3d 768, 785 (3d Cir.1995), *cert. denied,* 516 U.S. 824, 116 S.Ct. 88, 133 L.Ed.2d 45 (1995); *In re Certain Teed Cor. Roofing Shingle Prods. Liab. Litig.*, 269 F.R.D. 468, 483 (E.D. Pa. 2010); *see also Holmes*, 706 F.2d at 1147. An actual showing is required, beyond a court's "complete confidence in the ability and integrity of counsel." *Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1315 (11th Cir. 2013).

Here, under the best case scenario in which every single class member files a claim, which is guaranteed *not* to occur, Budget class members take home a diminutive $1,195,782, which is less than half of class counsels' recovery. At the same time, under this theoretical best case scenario, Avis class members will receive $4,126,135, only slightly more than class counsels' more than $3 million. In the aggregate, Avis and Budget class members will receive $5,321,917 compared to class counsels' more than $3 million in attorneys' fees. The attorneys' fees are thus 57.3% of the best-case scenario recovery by class members! Objection is made to this is grossly inadequate amount of recovery for class members.

8

Objection is further made that the 10% discount is of no value to class members given the alleged consumer fraud committed by both Defendants. Several courts have interpreted the Class Action Fairness Act as imposing a heightened level of scrutiny in reviewing such settlements. *See, e.g., Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 654 (7th Cir.2006); *Figueroa,* 517 F.Supp.2d at 1321. *See also* S.Rep. No. 109–14, at 27 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 27 (Section 5 of CAFA "requires greater scrutiny of coupon settlements"); FED. R. CIV. P. 23(h), 2003 Advisory Committee Notes ("Settlements involving nonmonetary provisions for class members also deserve careful scrutiny to ensure that these provisions have actual value to the class.").

The discounts here are of limited value because they "'require the claimant to return to the Defendant to do business with him,' something at least some class members likely would prefer not to do." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006). Here, class members are only entitled to a 10% discount after spending additional money with one of the defendant/tortfeasors.

Further, the purported injunctive relief offered in the proposed settlement is entirely illusory. The agreement simply keeps measures and improvements *already taken* by Avis and Budget on their websites in place. See Class Notice, at 8, at ¶ 13. This supposed recovery has no value whatsoever to class members.

Objection is further made to the diminutive value of the settlement given the 11 million Avis class members and unknown millions of Budget class members.

9

Objection is additionally made that the value of the settlement to the class is further diminished by the claims-made structure of the settlement, which will ensure that class counsel ends up with far in excess of 57.3% of the settlement value. For these reasons, the proposed settlement is not fair, adequate and reasonable and the proponents of this settlement have failed to discharge their burden of proof on the issue of fairness.

**Class Counsel's Fee Request Is Excessive.**

Objection is made to the disproportionately excessive attorneys' fees relative to class recovery. Class counsel should not be permitted to recover more than half the value of the settlement as proposed here.

Objection is also made to the structure of the settlement as segregating the attorneys' fees from class recovery. It should be noted at the outset that Avis and Budget are indifferent as to the allocation of any settlement payments between the consumers and attorneys' fees. *See, eg., Malchman v. Davis*, 761 F.2d 893, 908 (2d Cir. 1985) (Jon O. Newman, concurring), *cert. denied*, 475 U.S. 1143 (1986); *see also Pampers*, 724 F.3d at 717-18. The existence of segregated funds in this case should be viewed for what it is: an artifact of class counsel's deliberate choice.[1]

---

[1] *GMC Trucks*, 55 F.3d at 820 (A severable fee structure "is, for practical purposes, a constructive common fund."); *Id.* at 821 ("[P]rivate agreements to structure artificially separate fee and settlement arrangements cannot transform what is in economic reality a common fund situation into a statutory fee shifting case."); *see also Redman, supra*; *Eubank, supra*; *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947-49 (9th Cir. 2011).

The proposed settlement contains a "clear sailing clause," which stipulates that attorneys' fee awards up to a certain amount will not be contested by the Defendants. "Such a clause by its very nature deprives the court of the advantages of the adversary process." *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991). A clear sailing clause lays the groundwork for class counsel to "urge a class settlement … on a less-than-optimal basis in exchange for red-carpet treatment on fees." *Id.* at 524; *accord Bluetooth*, 654 F.3d at 947. Although the proposed settlement agreement ostensibly does not explain what happens in the event that all $3,050,000 are not awarded, since this is a claims-made settlement, any amount not awarded in attorneys' fees will necessarily revert or remain in the hands of the defendants. This is tantamount to a "kicker arrangement," which stipulates that any reverting attorneys' fees goes to Avis and Budget and not the consumers. *See Bluetooth*, 654 F.3d at 949. "The clear sailing provision reveals the defendant's willingness to pay, but the kicker deprives the class of that full potential benefit if class counsel negotiates too much for its fees." *Id.* The kicker, like the clear-sailing agreement, is a sign "that class counsel have allowed pursuit of their own self-interests … to infect the negotiations." *Id.* at 947.

In an ordinary common fund settlement with unsegregated fees, the District Court can correct any allocation issues because any fees not paid to class counsel simply reverts to the plaintiffs. *See, e.g., In re Citigroup Sec. Litig.*, 965 F. Supp. 2d 369 (S.D.N.Y. 2013) (reducing excessive fee request by $26.7M for benefit of

11

shareholders). If "class counsel agreed to accept excessive fees and costs to the detriment of class plaintiffs, then class counsel breached their fiduciary duty to the class." *Lobatz v. U.S. West Cellular of Cal., Inc.,* 222 F.3d 1142, 1147 (9th Cir. 2000). Objection is made on this basis. *But see Blessing v. Sirius XM Radio Inc.*, 507 Fed. Appx. 1 (2d Cir. 2012) (not selected for publication in Federal Reporter).

Objection is further made that the lodestar multiplier of 1.3 should be reduced to below 1 given the exceptionally poor value of the settlement.

Objector incorporates by reference all other objections, if any, filed in opposition to this proposed settlement or award of attorneys' fees that are not inconsistent with this objection.

## CONCLUSION

Objector request that this settlement be rejected. In the alternative, Objector requests that the proposed award of attorneys' fees be rejected or, at minimum, substantially reduced.

DATED: April 6, 2016         Respectfully submitted,

         /s/ *Janet L. Gold, Esquire*
         Janet L. Gold, Esquire
         Eisenberg, Gold, Cettei & Agrawal, P.C.
         1040 North Kings Highway, Suite 200
         Cherry Hill, New Jersey 08034
         Telephone: (856) 330-6200
         Facsimile: (856) 330-6207
         Email: jgold@egclawfirm.com
         Attorneys for Objector/Class Member

12

For the foregoing reasons, we object to this settlement.

DATED: April 6, 2016

_____
Mark Ray
210 S. Carancahua
Corpus Christi, Texas 78401
(361) 813-6949

## Certificate of Service

The undersigned certifies that today he filed the foregoing objection and associated declarations on ECF which will send electronic notification to all attorneys registered for ECF-filing. The undersigned further certifies he caused to be served via USPS First Class Mail, postage prepaid, a copy of this Objection and associated exhibits upon the following.

DATED: April 6, 2016

Daniel R. Karon, Esq. Karon LLC
700 West St. Clair Avenue, Suite 200
Cleveland, Ohio 44113

Bruce D. Greenberg, Esq.
Lite DePalma Greenberg, LLC
570 Broad Street, Suite 1201
Newark, New Jersey 07102

Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive
Florham Park, New Jersey 07932

                                                */s/ Janet L. Gold, Esquire*
                                                Janet L. Gold, Esquire
                                                Eisenberg, Gold, Cettei & Agrawal, P.C.
                                                1040 North Kings Highway, Suite 200
                                                Cherry Hill, New Jersey 08034
                                                Telephone: (856) 330-6200
                                                Facsimile: (856) 330-6207
                                                Email: jgold@egclawfirm.com
                                                Attorneys for Objector/Class Member