# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD SCHWARTZ, on behalf of himself and others similarly situated, <br><br> *Plaintiff*, <br><br> vs. <br><br> AVIS RENT A CAR SYSTEM, LLC, and AVIS BUDGET GROUP, INC., <br><br> *Defendants*. | Civil Action No. 11-4052 (JLL) (JAD) |
| DANIEL KLEIN and STEPHANIE KLEIN, on behalf of themselves and others similarly situated, <br><br> *Plaintiffs*, <br><br> vs. <br><br> BUDGET RENT A CAR SYSTEM, INC. and AVIS BUDGET GROUP, INC., <br><br> *Defendants*. | Civil Action No. 12-7300 (JLL) (JAD) |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES**

---

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com
*Attorneys for Plaintiffs and the Classes*
[Additional Counsel on Signature Page]

# TABLE OF CONTENTS

**Page**

INTRODUCTORY STATEMENT ........................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...............................2

ARGUMENT ....................................................................................................3

POINT I
PLAINTIFFS' COUNSEL'S REQUEST FOR AN AWARD OF FEES AND
REIMBURSEMENT OF EXPENSES SHOULD BE APPROVED........................3

    A.    The Class Received Reasonable Notice of the Requested Fees and
        Expenses, and An Opportunity to Object..............................................3

    B.    The Fee and Expense Request by Plaintiffs' Counsel is Fair and
        Reasonable..........................................................................................5

    C.    The Few Objections Are Groundless .................................................11

    D.    Mark Ray's Objection, Prepared by a Repeatedly Discredited Serial
        Objector Counsel, Should be Emphatically Rejected ..........................12

    E.    The Expense Request Should be Approved .........................................22

    F.    The Requested Incentive Awards Should be Approved .......................23

CONCLUSION ...............................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                         **<u>Page(s)</u>**

*Berkson v. Gogo, LLC*,
    2015 U.S. Dist. LEXIS 163405 (E.D.N.Y. Dec. 4, 2015)............................22

*Blessing v. Sirius XM Radio, Inc.*,
    507 F. App'x. 1 (2d Cir. 2012) ......................................................................19

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980)..........................................................................................5

*Brumley v. Camin Cargo Control, Inc.*,
    2012 U.S. Dist. LEXIS 40599 (D.N.J. March 26, 2012) ........................ 10-11

*Careathers v. Red Bull N. Am., Inc.*,
    No. 1:13-CV-369(KPF) ...........................................................................16, 17

*Careccio v. BMW of N. Am. LLC*,
    2010 U.S. Dist. LEXIS 42063 (D.N.J. April 29, 2010) ................................22

*Conroy v. 3M Corp.*,
    2006 U.S. Dist. LEXIS 96169 (N.D. Cal. Aug. 10, 2006)....................13, 15

*Dennings v. Clearwire Corp.*,
    No. 10-1859, ECF No. 166 (W.D. Wash. Aug. 20, 2013) ............................14

*Embry v. ACER Am. Corp.*,
    2012 U.S. Dist. LEXIS 127813 (N.D. Cal. Aug. 29, 2012)...................14, 15

*Eubank v. Pella Corp.*,
    753 F.3d 718 (7th Cir. 2014) .......................................................................19

*Gehrich v. Chase Bank USA, N.A.*,
    No.1:12-cv-5510 (N.D. Ill.)....................................................................16, 17

*Gunter v. Ridgewood Energy Corp.*,
    223 F.3d 190 (3d Cir. 2000) ........................................................................18

592286.1

*Hegab v. Family Dollar Stores, Inc.*,
　　2015 U.S. Dist. LEXIS 28570 (D.N.J. March 9, 2015) ................................23

*In re AT&T Corp. Sec. Litig.*,
　　455 F.3d 160 (3d Cir. 2006) ...........................................................................6

*In re Bisphenol-A Polycarbonate Plastic Prods. Liab. Litig.*,
　　2011 U.S. Dist. LEXIS 50139 (W.D. Mo. May 10, 2011)............................8

*In re Bluetooth Headset Prods. Liab. Litig.*,
　　654 F.3d 935 (9th Cir. 2011) .......................................................................19

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
　　281 F.R.D. 531 (N.D. Cal. 2012) ..........................................................13, 14

*In re Dry Max Pampers Litig.*,
　　724 F.3d 713 (6th Cir. 2013) .......................................................................19

*In re Gen. Elec. Co. Sec. Litig.*,
　　998 F. Supp. 2d 145 (S.D.N.Y. 2014) ...................................................14, 15

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
　　55 F.3d 768 (3d Cir. 1995) .............................................................................6

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
　　2013 U.S. Dist. LEXIS 133413 (S.D. Cal. Sept. 17, 2013) ........................13

*In re Ins. Brokerage Antitrust Litig.*,
　　282 F.R.D. 92 (D.N.J. 2012) .......................................................................23

*In re Mercedes-Benz Tele-Aid Contract Litig.*,
　　2011 U.S. Dist. LEXIS 101995 (D.N.J. Sept. 9, 2011)..................................6

*In re Mexico Money Transfer*,
　　164 F. Supp. 2d 1002, 1018 (N.D. Ill. 2000),
　　*aff'd*, 267 F.3d 74 (7th Cir. 2001) ..............................................................22

*In re NFL Concussion Injury Litig.*,
　　___ F.3d ___, ___, 2016 U.S. App. LEXIS 6908
　　(3d Cir. April 18, 2016).......................................................................*passim*

*In re Philips/Magnavox TV Litig.*,
2012 U.S. Dist. LEXIS 67287 (D.N.J. May 14, 2012)............................6, 8, 9

*In re Prudential Ins. Co. of America Sales Practices Litig.*,
148 F.3d 283 (3d Cir. 1998) ....................................................................5, 10

*In re Safety Components Int'l Inc. Sec. Litig.*,
166 F. Supp. 2d 72 (D.N.J. 2001).................................................................22

*In re Schering-Plough Corp.*,
013 U.S. Dist. LEXIS 147981 (D.N.J. Aug. 27, 2013)....................................9

*In re Subway Foot-Long Sandwich Mktg. & Sales Practices Litig.*,
2016 U.S. Dist. LEXIS 24962 (E.D. Wis. Feb. 25, 2016) ............................22

*In re Wal-Mart Wage & Hour Emp. Practices Litig.*,
2010 U.S. Dist. LEXIS 21466 (D. Nev. March 8, 2010) ..............................15

*In re Western Union Money Transfer Litig.*,
2004 U.S. Dist. LEXIS 29377 (E.D.N.Y. Oct. 18, 2004) .............................22

*Malchman v. Davis*,
761 F.2d 893 (2d Cir. 1985) .........................................................................19

*Martina v. L.A. Fitness, Int'l, Inc.*,
2013 U.S. Dist. LEXIS 145285 (D.N.J. Oct. 8, 2013) ..................................10

*McDonough v. Horizon Healthcare Servs.*,
2014 U.S. Dist. LEXIS 93559 (D.N.J. July 9, 2014) ....................................23

*O'Keefe v. Mercedes-Benz United States, LLC*,
214 F.R.D. 266 (E.D. Pa. 2003) ...................................................................12

*Oullette v. Wal-Mart Stores, Inc.*,
No. 67-01-CA-326 (Fla. Cir. Ct. April 5, 2011) ..................................... 13-14

*Perez v. Asurion*,
2007 U.S. Dist. LEXIS 66931 (S.D. Fla. Aug. 8, 2007) ................................8

592286.1

*Redman v. RadioShack Corp.*,
    768 F.3d 622 (7th Cir. 2014) ........................................................................19

*Silver v. L.A. Fitness, Int'l, Inc.*,
    2013 U.S. Dist. LEXIS 140267 (E.D. Pa. Sept. 27, 2013) ............................22

*Sullivan v. DB Invs., Inc.*,
    667 F.3d 273 (3d Cir. 2011) ...........................................................................6

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*,
    463 F.3d 646 (7th Cir. 2006) ........................................................................21

*Varacallo v. Mass. Mut. Life Ins. Co.*,
    226 F.R.D. 207 (D.N.J. 2005) ..............................................................*passim*

*Weber v. Gov't Emps. Ins. Co.*,
    262 F.R.D. 431 (D.N.J. 2009) .........................................................................7

## INTRODUCTORY STATEMENT

Plaintiffs' Counsel seek Court approval of an award of $3,050,000 for attorneys' fees and reimbursement of expenses, in connection with their work on behalf of Settlement Class Members in these two cases. The notices to Settlement Class Members expressly advised them that a fee and expense request in that amount would be made.

Because the settlement does not create a "common fund," Plaintiffs' Counsel are not seeking fees based on the value of the settlement. Thus, they do not seek a percentage award. Instead, Plaintiffs' Counsel request an award based on the lodestar/multiplier method that applies in statutory fee-shifting cases. The requested amount represents a small multiplier, approximately 1.19, on Plaintiffs' Counsel's current collective lodestar. Such an enhancement is well within the range that is permitted in the Third Circuit. The fee award will be paid separate from the benefits that Settlement Class Members will receive, and thus will not reduce their recovery by one cent.

Out of the thousands of Settlement Class Members, only three have objected to the requested fee and expense award. None of those objections is meritorious. No one has objected to the incentive awards. For the reasons set forth below, the fee and expense request is reasonable and the incentive awards sought are appropriate. The requested fees, expenses, and incentive awards should be granted.

592286.1

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs respectfully incorporate the contents of the accompanying Joint Declaration of Bruce D. Greenberg and Daniel R. Karon ("Joint Decl."), which describes the facts and procedural history of these cases. In summary, these cases were heavily litigated for nearly five years, on a wholly contingent basis and at great risk. Eventually, a settlement for Settlement Class Members was reached that is worth up to $13,778,081. In order to avoid even the appearance that Plaintiffs' Counsel had sacrificed the interests of Settlement Class Members for a fee, Plaintiffs' Counsel refused to discuss fees with defendants until after the material terms of the benefits for Settlement Class Members had been agreed to.

Once fee discussions began, they did not go easily. The parties went back and forth for many months without reaching agreement, and it appeared that plaintiffs would have to present the fee issue to the Court for decision. Only after the Court scheduled a conference to discuss resolving the fee issue did the parties reach agreement, shortly before that scheduled conference.

Defendants have agreed to pay a fee, including reasonable expenses, on top of the benefits to Settlement Class Members, so that those benefits are not reduced by the fee payment, unlike in a common fund case. Defendants agreed not to object to an application for fees and expenses up to $3,050,000, and Settlement Class Members were notified that Plaintiffs' Counsel would seek that sum.

# ARGUMENT

# POINT I

## PLAINTIFFS' COUNSEL'S REQUEST FOR AN AWARD OF FEES AND REIMBURSEMENT OF EXPENSES SHOULD BE APPROVED

### A.   The Class Received Reasonable Notice of the Requested Fees and Expenses, and An Opportunity to Object

Federal Rule of Civil Procedure 23(h)(1) provides that "[n]otice of the motion [for attorneys' fees and costs] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." As required by the Court's preliminary approval order, ECF No. 180, reasonable notice of the fee and expense application and sufficient time to object to it have been afforded to Settlement Class Members.

Garden City Group ("GCG"), the Court-appointed Claims Administrator, effectuated the notice program ordered by the Court, so as to ensure that Class Members were apprised of their rights. Pursuant to the February 16, 2016 Order granting preliminary approval to the settlements in these two cases, ECF No. 180, on March 7, 2016, GCG issued the Court-approved notice to the class by regular mail, electronic mail, and publication, as required. *See* ECF No. 186-2 (Declaration of Lori G. Castenada of GCG, dated April 28, 2016). GCG also established a website that contained the notice and other important case documents, and set up a P.O. Box, a toll-free number, and an email address, all of which were active at all

592286.1

times following February 16, 2016. *Id*.

The online notice expressly stated that Plaintiffs' Counsel would seek Court approval of a fee and expense request of up to $3,050,000 for both cases:

"How will the lawyers be paid?"

Plaintiffs' Counsel will ask the Court for attorneys' fees and expenses. Avis and Budget have agreed not to oppose Plaintiffs' Counsel's request for these fees and expenses up to $3,050,000 for both cases. The Court may or may not approve that request. Importantly, none of these fees or expenses will come out of the cash or discounts to be received by Settlement Class Members. To earn these fees and expenses, Plaintiffs' counsel spent almost five years of time and effort. During those years, they didn't get paid. They also faced the risk that they might never get paid for their efforts. Plaintiffs' counsel also spent thousands of dollars of their own money pursuing these cases, and they faced the risk that those expenses might never be reimbursed.

Avis and Budget are paying the costs of this and other notice to the Settlement Classes; they also paying to administer this settlement. These notice and administrative amounts will not come out of the funds for benefits to Settlement Class Members. Finally, no Settlement Class Member will pay anything.

The notice also explains the process of, and sets deadlines for, opting out of the settlement as well as for objecting to it.

Additionally, the notice contained the e-mail and regular mail addresses and telephone numbers of Plaintiffs' Counsel. Plaintiffs' Counsel fielded numerous inquiries from Settlement Class Members after notice was disseminated, and they even completed claim forms for Settlement Class Members when asked to do so.

4

The Court required objections to the settlements or this motion for fees to be filed no later than April 6, 2016. Thus, Settlement Class Members had 30 days after notice went out to lodge any objections. That is sufficient. *See*, *e.g.*, *Varacallo v. Mass. Mut. Life Ins. Co*., 226 F.R.D. 207, 227 (D.N.J. 2005) ("It has been held that notice mailed even one month before any of the deadlines was still timely."). No Settlement Class Member has complained of insufficient time to object, and the fact that some objections were filed confirms that there was enough time to do so.

## B. The Fee and Expense Request by Plaintiffs' Counsel is Fair and Reasonable

Where counsel have created benefits for a class, they are entitled to seek an award of attorneys' fees and reimbursement of litigation expenses. *See*, *e.g.*, *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Plaintiffs' Counsel respectfully submit that their requested fee is appropriate, given the nature and extent of their efforts in creating settlements beneficial to the Settlement Class in this hard-fought litigation and the risks assumed by Plaintiffs' Counsel in handling this complex matter on a contingent basis with no guarantee of recovery.[1]

---

[1] Plaintiffs' Counsel also seek authorization to distribute the fees so as to fairly compensate each firm for its contribution to these cases.  *See, e.g.*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533 n.15 (3d Cir. 2004) (affirming decision to permit division of attorneys' fees in the discretion of Executive Committee co-chairs and declining to "deviate from the accepted practice of allowing counsel to apportion fees amongst themselves"); *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 148 F.3d 283, 329 n.96 (3d Cir. 1998) ("The court need not undertake the difficult task of assessing counsels' relative contributions.").

In awarding attorneys' fees, the Court has discretion to apply either the percentage-of-recovery method or the lodestar method. *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 329-30 (3d Cir. 2011); *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006). The lodestar method, which begins with the reasonable number of hours multiplied by reasonable hourly rates and can also entail a multiplier on that figure, is appropriate for cases where there is no traditional common fund, the total value of a settlement is not completely certain, or the right to fees is based on a statutory fee-shifting provision. *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995) ("*GM Trucks*").

The lodestar method is proper here. The settlements provide for a claims-made process with no specified common fund. Though the value of the settlements may range up to $13.778 million, the total value will vary depending on how many Settlement Class Members opt for cash and how many choose discounts on future rentals. *See In re Philips/Magnavox TV Litig.*, 2012 U.S. Dist. LEXIS 67287, at *44 (D.N.J. May 14, 2012) (applying lodestar method where class action settlement involved a combination of cash and coupons, which made it hard to value the settlement); *In re Mercedes-Benz Tele-Aid Contract Litig.*, 2011 U.S. Dist. LEXIS 101995, at *18 (D.N.J. Sept. 9, 2011) (using lodestar method where dollar value of settlement was "too uncertain to calculate a percentage of recovery"). Finally, the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, a

6

key basis for these cases, affords fee-shifting. N.J.S.A. 56:8-19; *see Weber v. Gov't Emps. Ins. Co.*, 262 F.R.D. 431, 449-50 (D.N.J. 2009) (employing lodestar method in Consumer Fraud Act case where there was no common fund and "the exact value of the settlement will be difficult to quantify with precision").

Furthermore, the discounts offered as one form of relief to Settlement Class Members may be seen as coupons. The Class Action Fairness Act ("CAFA"), 28 U.S.C. §1712(b)(1), provides that, in a settlement that involves coupons and other relief, "if a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel, an attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action." Subsection (b) also allows for a multiplier on lodestar. 28 U.S.C. §1712(b)(2) ("Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.").

Here, no portion of the recovery of the discounts is being used to support the requested attorneys' fee.[2] Accordingly, based on CAFA as well, the lodestar

---

[2] In providing for the circumstance in which "a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel," CAFA gives class counsel the choice of whether to rely on a portion of coupon-based relief for their fees. *See* 109 S. Rpt. 14 (2005) ("In some cases, the proponents of a class settlement involving coupons may decline to propose that attorney's fees be based on the value of the coupon-based relief provided by the settlement. Instead, the settlement proponents may propose that counsel fees be based upon the amount of time class counsel reasonably expended working on the action."). Plaintiffs' Counsel have chosen to seek fees based on their lodestar.

method is appropriate. *See*, *e.g.*, *In re Bisphenol-A Polycarbonate Plastic Prods. Liab. Litig.*, 2011 U.S. Dist. LEXIS 50139, at \*66-67 (W.D. Mo. May 10, 2011) (citing CAFA and applying lodestar method in settlement involving coupons, or choice of cash or coupons for some class members, where "the award is based primarily on the time expended and the attorneys' reasonable hourly fees, not on a percentage of the recovery"); *Perez v. Asurion*, 2007 U.S. Dist. LEXIS 66931, at \*4-5 (S.D. Fla. Aug. 8, 2007) (similar).[3]

The accompanying Joint Decl. contains the information required by L. Civ. R. 54.2(a); *see also Philips/Magnavox*, 2012 U.S. Dist. LEXIS 67287, at \*46-47 (noting that class counsel there had submitted Declarations describing work performed). Detailed time records for the three firms that comprise Plaintiffs' Counsel are attached to the Joint Decl. The Joint Decl. shows that Plaintiffs' Counsel worked thousands of hours to defeat motions to dismiss, take and respond to extensive discovery, defeat defendants' motions for summary judgment and to bar plaintiffs' expert, obtain class certification and defend it successfully against

---

[3] Ray cites a few cases that indicate that CAFA imposes a more stringent standard of review on settlements that include coupons than would otherwise apply. *See* ECF No. 182, at 9. In fact, CAFA says nothing more than that "the court may approve the proposed settlement only after a hearing to determine whether, and making a written finding that, the settlement is fair, reasonable, and adequate for class members." 28 U.S.C. §1712(e). That is the same test that the Third Circuit requires in regard to any class action settlement. But if there is any heightened standard, the Court should approve this settlement under that test as well.

defendants' Rule 23(f) petition, and achieve an excellent settlement, all against well-funded defendants represented by top-notch counsel. Given the amount of work required and the difficulty of the case, the number of hours billed is reasonable.

The hourly rates for Plaintiffs' Counsel, also contained in the Joint Decl. and its Exhibits A-D, are reasonable for this District. Courts in this District have approved rates of $750 per hour, the top rate sought by Plaintiffs' Counsel here (for an attorney with more than 30 years of experience), and more. *See*, *e.g.*, *In re Schering-Plough Corp.*, 2013 U.S. Dist. LEXIS 147981, at *97 n.27 (D.N.J. Aug. 27, 2013) ($750 hourly rate for New Jersey class counsel, and higher rates for out-of-state class counsel); *In re Mercedes*, 2011 U.S. Dist. LEXIS 101995, at *18-19 (same). The Joint Decl. states that the current rates of these Plaintiffs' Counsel have been frequently approved in other contingent class action cases, in this District and elsewhere, and have been paid by hourly clients.

"The lodestar figure is presumptively reasonable when it is calculated using a reasonable hourly rate and a reasonable number of hours." *Philips/Magnavox*, 2012 U.S. Dist. LEXIS 67287, at *45. A multiplier of that figure is also appropriate here.

As reflected in the accompanying detailed time records, the lodestar of Plaintiffs' Counsel totals $2,492,979 as of May 5, 2016. The $3,050,000 requested,

which includes $83,706.96 in expenses, thus represents a multiplier on lodestar of only 1.19. In the Third Circuit, multipliers of up to 4.0 have been permitted. *In re Prudential Ins. Co. of America Sales Practices Litig.*, 148 F.3d 283, 341 (3d Cir. 1998) (quoting 3 Herbert Newberg & Alba Conte, *Newberg on Class Actions*, §14.03 at 14-5 (3d ed. 1992). Courts in this District have frequently awarded multipliers of approximately what Plaintiffs' Counsel seek here, and even higher. *E.g.*, *Martina v. L.A. Fitness, Int'l, Inc.*, 2013 U.S. Dist. LEXIS 145285, at *26 (D.N.J. Oct. 8, 2013) (1.2 multiplier in case where settlement involved both cash and coupons); *McLennan v. LG Elecs. USA, Inc.*, 2012 U.S. Dist. LEXIS 27703, at *28-29 (D.N.J. March 2, 2012) (2.93 multiplier where fee was based on lodestar method rather than percentage method).

The cross-check against an estimated percentage fee confirms the reasonableness of the fee. If all Settlement Class Members choose the discounts, the settlement would have a value of $13,778,081. In that event, the fee would represent 22.1% of the total Class recovery. As discussed *infra*, one objector fixates on the potential that every Settlement Class Member would opt for cash, a result that he concedes is "guaranteed *not* to occur." ECF No. 182, at 8 (emphasis in original). Even if many Settlement Class Members chose cash, the requested fee would still amount to less than 45% of the total settlement value, the upper limit for fees in this Circuit. *See*, *e.g.*, *Brumley v. Camin Cargo Control, Inc.*, 2012 U.S.

10

Dist. LEXIS 40599, at *36 (D.N.J. March 26, 2012) ("The Third Circuit has noted that fee awards generally range from 19% to 45% of the settlement fund when the percentage-of-recovery method is utilized to assess the reasonableness of requested attorneys' fees.") (citing *GM Trucks*, 55 F.3d at 822). The requested fee and modest multiplier here should be approved.

### C.    The Few Objections Are Groundless

There are only three objections to the requested fee.[4] All of them lack merit.

Bruce David Eisen (ECF No. 63 in *Klein v. Budget*) demands that Plaintiffs' Counsel receive no more than $1 million, with the remaining funds being reallocated to Settlement Class Members. His objection does not contest that Plaintiffs' Counsel have spent nearly $3 million in attorney time, at rates that have repeatedly been found reasonable for this District. Nor does Eisen's objection take account of the law governing fee applications, under which (as explained *supra*) the amount of the request by Plaintiffs' Counsel is reasonable.

The parties heavily negotiated the benefits for Settlement Class Members and only then negotiated about attorneys' fees. Eisen demands that the Court re-make the parties' agreements, which the Court lacks authority to do.

Doug Jeffries complains that Plaintiffs' Counsel will get a fee for "part time effort," because "these lawsuits were not the only things the firms worked on" for

---

[4] The only other objector, Todd Payne, ECF No. 181, does not object to the fee and expense request.

the past five years. Joint Decl., Exhibit J. The notion that counsel cannot get paid

unless they devote all their time to a given case is not the law, and Jeffries cites no

support for that. His objection is largely a philosophical attack on "our justice

system" and on Plaintiffs' Counsel, which this Court should reject. *McLennan*,

2012 U.S. Dist. LEXIS 27703, at \*20-21 (rejecting objection to fee award that was

nothing more than "philosophical disagreement with class action litigation").

### D. Mark Ray's Objection, Prepared by a Repeatedly Discredited Serial Objector Counsel, Should be Emphatically Rejected

Mark Ray attacks the attorneys' fee, the discounts, and the injunctive relief.

ECF No. 182 in *Schwartz v. Avis*. Ray is represented by a serial objector counsel,

Christopher Bandas, who has a lengthy record of baseless objections. The

objection that Bandas has advanced through Ray here is yet another one.

More than ten years ago, this Court stated that "federal courts are

increasingly weary of professional objectors." *Varacallo*, 226 F.R.D. at 240

(quoting *O'Keefe v. Mercedes-Benz United States, LLC*, 214 F.R.D. 266, 295 n.26

(E.D. Pa. 2003)). But the plague of objectors has only gotten worse since then, in

this Court and elsewhere, as such objectors continue to manipulate the judicial

system and abuse the parties by filing baseless objections solely to "extract a fee"

through "extortion." *See*, *e.g.*, Bruce D. Greenberg, *Keeping the Flies Out of the*

*Ointment: Reining in Objectors to Class Action Settlements*, 84 St. John's L. Rev.

949, 964 & n.61 (2010) (citing cases).

Judge Smith of the Third Circuit has recognized that there is "a cottage industry of so-called professional objectors: attorneys who oppose settlements on behalf of nonnamed class members and threaten to file meritless appeals of the final judgment merely to extract a payoff." John E. Lopatka & D. Brooks Smith, *Class Action Professional Objectors: What to Do About Them?*, 39 Fla. St. U. L. Rev. 865, 866 (2012). It is time for this Court to clamp down.

As multiple courts have noted, Christopher Bandas is a quintessential example of a professional objector who files groundless objections solely for purposes of "extort[ing] money" and "coerc[ing] ill-gotten and unspecified 'legal fees'" in exchange for withdrawing his filing. *In re Cathode Ray Tube (CRT) Antitrust Litig*., 281 F.R.D. 531, 533 n.4 (N.D. Cal. 2012); *see In re Hydroxycut Mktg. & Sales Practices Litig*., 2013 U.S. Dist. LEXIS 133413, at *71 (S.D. Cal. Sept. 17, 2013) (finding "credible" testimony that "Mr. Bandas was attempting to pressure the parties to give him $400,000 as payment to withdraw the objections and go away. Mr. Bandas was using the threat of questionable litigation to tie up the settlement unless the payment was made.").

Bandas routinely cuts and pastes material from his submissions in other cases, though those "canned" arguments are inapplicable. *See*, *e.g*., *Conroy v. 3M Corp*., 2006 U.S. Dist. LEXIS 96169, at *11 (N.D. Cal. Aug. 10, 2006) (noting that Bandas had filed "cookie-cutter written objection"); *Oullette v. Wal-Mart Stores,*

13

*Inc*., No. 67-01-CA-326 (Fla. Cir. Ct. April 5, 2011) (Joint Decl., Exhibit E), at 5,

¶¶19-20 (listing Bandas as one of the objecting counsel and finding that "all of the

objections filed against the settlement of this case were all generic boilerplate

objections prepared and filed by a group of attorneys who the Court finds have

been working through collusion for their own personal benefit and not for the

benefit of this class or their clients"). This Court should now go beyond merely

being "weary" of such objectors it should reject Ray's objections and condemn

Bandas and his tactics in the strongest possible terms.

Bandas has been sanctioned elsewhere in connection with his filing of

baseless objections to class action settlements. *See*, *e.g*., *Embry v. ACER Am.*

*Corp*., 2012 U.S. Dist. LEXIS 127813, at *6-7 (N.D. Cal. Aug. 29, 2012) (also

holding Bandas in contempt). Bandas also has seen his authorization to practice in

federal court revoked due to his misconduct, as in *Dennings v. Clearwire Corp*.,

No. 10-1859, ECF No. 166 (W.D. Wash. Aug. 20, 2013) (Joint Decl., Exhibit F).

That is why, as here and in other cases, discussed *infra* at 17, Bandas does not

formally appear. Other District Courts have repeatedly noted that Bandas has been

"admonished" and "excoriated" for his tactics in "improperly attempting to

'hijack' class settlements." *Cathode Ray Tube*, 281 F.R.D. at 533; *In re Gen. Elec.*

*Co. Sec. Litig*., 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014).

A review of the website www.serialobjector.com/persons/4 shows that every time Bandas has objected to a class action settlement, he has asserted that attorneys' fees were excessive. See Joint Decl., Exhibit G ("Bandas Overruled Objections" chart). The website also indicates that Bandas has lost that objection every time, with many courts finding his objections so groundless that they have required the posting of an appeal bond. *Id*.; *see*, *e.g*., *Gen. Elec*., 998 F. Supp. 2d at 157 (requiring bond of $54,700); *Embry v. ACER Am. Corp*., 2012 U.S. Dist. LEXIS 78068, at *6-7 (N.D. Cal. June 5, 2012) (requiring bond of $70,650); *In re Wal-Mart Wage & Hour Emp. Practices Litig*., 2010 U.S. Dist. LEXIS 21466, at *18-19 (D. Nev. March 8, 2010) (requiring bond of $500,000); *Conroy*, 2006 U.S. Dist. LEXIS 96169, at *11-12 (requiring bond of $431,167).

Bandas has deployed his standard arsenal of maneuvers here. Beginning with the very first sentence of his brief, he offers canned material, asserting that "[t]he proposed settlement is not fair, adequate and reasonable; it creates intra-class conflicts and implicates adequacy problems; and the proposed award of attorneys' fees is excessive." ECF No. 182, at 1. But the rest of the objection focuses on attorneys' fees and fails to identify any purported "intra-class conflicts" or "adequacy problems."

Bandas simply copied and pasted that material into his brief, either heedless of the facts or with the intent to mislead the Court that adequacy or intra-class

conflict issues are present here. Bandas' source was a brief that he filed last year in which he objected to a class action settlement in *Gehrich v. Chase Bank USA, N.A.*, No.1:12-cv-5510 (N.D. Ill.) (Joint Decl., Exhibit H). The first sentence of that brief is identical to the first sentence of the Bandas/Ray objection here, with the same "intra-class conflict" and "adequacy problems" assertions.

Bandas' primary challenge, to attorneys' fees, likewise is based heavily on boilerplate material that he copied from one of his prior objections. Judge Smith noted that serial objectors often premise fee attacks on fees on such boilerplate:

> A professional objector can almost always assert, ostensibly in good faith, that the attorneys' fees awarded in a settlement are excessive. Because many of the standards for class actions are fundamentally general, objections can be taken off the rack or even made out of whole cloth. Likewise, appellate briefs can be assembled from ready-made pieces, with little tailoring. Broad statements about the impermissibility of excessive class counsel fees supported by citations to a few cases can be pasted into nearly any brief challenging a settlement approval.

[Lopatka & Smith, 39 Fla. St. U. L. Rev. at 879].

The Joint Decl., Exhibit I, contains a 2015 Bandas brief in *Careathers v. Red Bull N. Am., Inc.*, No. 1:13-CV-369(KPF), objecting to a class action settlement. Whole paragraphs of Bandas' argument in the "Class Counsel's Fee Request is Excessive" section of Ray's objection have been lifted, virtually word for word, from Bandas' *Careathers* objection. *Compare* ECF No. 182, at 10 ("It should be noted at the outset …. class counsel's deliberate choice"), 11-12 ("In an ordinary

16

common fund settlement …. (not selected for publication in Federal Reporter)")
*with* Joint Decl., Exhibit I (unpaginated, penultimate page) ("It should be noted at
the outset …. Class counsel's deliberate choice"; "In an ordinary common fund
settlement …. (not selected for publication in Federal Reporter)").

The *Gehrich* and *Careathers* objections, and Ray's objection here, offer yet
another long paragraph of boilerplate in which, among other things, Bandas tries to
elude sanctions and avoid the need to qualify for *pro hac vice* admission by not
"making an appearance for himself or his firm." *See* page 2 of each objection. This
Court should not be fooled by Bandas' use of New Jersey counsel to advance his
groundless, canned objections for purposes of extortion. *See Varacallo*, 226 F.R.D.
at 240 n.22 (recognizing that many failed objections pressed by professional
objectors there "have been raised in other courts in other class actions").

The Bandas/Ray objection fails on the merits. Ray mistakenly asserts that
Plaintiffs' Counsel will "recover more than half the value of the settlement as
proposed here." ECF No. 182, at 10. Since, as discussed *supra*, this is not a
common fund settlement, Plaintiffs' Counsel will not in fact receive *any* portion of
the settlement. Any fee is payable by defendants *in addition to* the benefits to
Settlement Class Members. And since the fee here is based on a statutory fee-
shifting provision, any relationship between the amount of the settlement and the
amount of the fee is irrelevant. A lodestar fee "assures counsel undertaking socially

17

beneficial litigation (as legislatively identified by the statutory fee shifting provision) an adequate fee *irrespective* of the monetary value of the final relief achieved for the class." *GM Trucks*, 55 F.3d at 821 (emphasis added).[5]

Ray complains about "the structure of the settlement as segregating the attorneys' fees from class recovery." ECF No. 182, at 10. But, again, this is not a common fund settlement. Attorneys' fees are *required*, as discussed *supra*, to be separate from the recovery for the Settlement Class Members. If anything, Settlement Class Members benefit because attorneys' fees are not being deducted from their benefits but are being paid by defendants in addition to those benefits.

Ray's reliance on *GM Trucks* is misplaced. In that case, there were "strong indications" that simultaneous negotiation of the class settlement and the fees for plaintiffs' counsel occurred. 55 F.3d at 804. That was the basis for the Third Circuit's concern about the fee award there. Here, in contrast, fees were not discussed until after the benefits for Settlement Class Members were agreed to.

*GM Trucks* recognizes that in a settlement that does not create a common fund, as here, attorneys' fees do not come out of a class recovery. Instead, "the

---

[5] The Third Circuit has "suggested" that fees awarded under the percentage method be cross-checked against the lodestar. *E.g.*, *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). Assuming that such a cross-check should occur with a lodestar award, the percentage would be well within acceptable limits, as discussed *supra* at 10-11.

lodestar award is decoupled from the class recovery." *Id*. at 821. Ray's objection

to a fee "segregated" from Settlement Class Members' recovery thus falls flat.[6]

Ray objects that defendants agreed not to contest a fee request up to

$3,050,000. ECF No. 182, at 11. He demeans that as a "clear sailing clause,"

without noting that the Third Circuit has had no problem with such clauses where,

as here, the parties scrupulously first concluded lengthy negotiations about relief

for the class and only then discussed fees. *Prudential*, 148 F.3d at 334-35.[7]

---

[6] Ray cites other cases but offers not one word as to how might apply here. They do not. They involved such red flags as little or no actual benefit to the class, clear evidence of impropriety by class counsel, and/or insufficient District Court analysis of the settlement or the fee. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 938, 943-44 (9th Cir. 2011) (no cash to class members, but only *cy pres* payments to charities, attorneys' fee was eight times the *cy pres* amount, and there was inadequate review by District Court); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 715, 721 (6th Cir. 2013) (settlement gave class members only "nearly worthless," "illusory" and "perfunctory" relief); *Redman v. RadioShack Corp.*, 768 F.3d 622, 627-28, 629-30 (7th Cir. 2014) (settlement for coupons only, on redemption of which no change would be given, was reached "before any substantive motions had been decided," lead plaintiff was an employee of law firm for which lead counsel had worked, and District Court "failed to analyze the issues properly"); *Eubank v. Pella Corp.*, 753 F.3d 718, 721-24, 728 (7th Cir. 2014) (among other things, lead counsel was son-in-law of lead plaintiff, "a grave conflict of interest," lead counsel was facing disciplinary action that may have led him to settle before discipline was imposed, settlement "strew[ed] obstacles" before class members who might try to claim its supposed benefits, and District Court did not even mention these and other "danger sign[s]" in its opinion). None of those things are present here.

[7] Ray's own cited case, *Malchman v. Davis*, 761 F.2d 893 (2d Cir. 1985), agrees, *id*. at 905 n.5, and the Second Circuit has reiterated that view more recently. *Blessing v. Sirius XM Radio, Inc*., 507 F. App'x. 1, 4 (2d Cir. 2012) ("such provisions, without more, do not provide grounds for vacating the fee").

The Third Circuit recently restated its agreement with many "sister circuits in declining to hold that clear sailing provisions are *per se* bars to settlement approval while nonetheless emphasizing that they deserve careful scrutiny in any class action settlement." *In re NFL Concussion Injury Litig.*, ___ F.3d ___, ___, 2016 U.S. App. LEXIS 6908, at *78 (3d Cir. April 18, 2016). The "clear sailing" agreement there did not render the settlement improper because "[t]here is simply no evidence in the negotiation process or the final terms of the settlement that class counsel bargained away the claims of [Settlement Class Members] in exchange for their own fees." *Id*. The same is true here where, as in *NFL Concussions*, *id*., fees were not discussed until after settlement terms for Settlement Class Members were agreed to, the fees do not reduce the recovery of any Settlement Class Member, and the fee represents a reasonable percentage of the estimated Class recovery.

Ray also argues about what would happen "in the event that all $3,050,000 are not awarded, since this is a claims-made settlement, any amount not awarded in attorneys' fees will necessarily revert or remain in the hands of the defendants." ECF No. 182, at 11. Again, if the Court does not grant the full fee sought, Ray cannot ask the Court to rewrite the settlement to reallocate any withheld sum to Settlement Class Members. Indeed, given how the settlement is structured, directing any unapproved fee to Settlement Class Members is not even possible.

592286.1

Finally, Ray's demand, in a lone sentence unsupported by analysis or authority, that the multiplier "be reduced to below 1 given the exceptionally poor value of the settlement," ECF No. 182, at 12, is baseless. This is an excellent settlement that gives Settlement Class Members a choice of two forms of relief, including cash, and creates millions of dollars in value. With all the work that Plaintiffs' Counsel have done since they filed their motion for preliminary approval, the multiplier that they will receive if their fee and expense request is granted was only 1.19 as of May 5, 2016, and will go lower still. The Court should reject Ray's objection, and the two others, and approve the requested fee award.

Though Ray focuses on fees, he also asserts, in conclusory fashion, misguided objections to the discounts and the injunctive relief. His complaint about the discounts is that, to receive them, Settlement Class Members would again have to rent vehicles from defendants. ECF No. 182, at 9. But unlike in *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646 (7th Cir. 2006), Ray's lone cited case, Settlement Class Members here are all persons or entities that signed up for defendants' frequent renter programs. Numerous cases, both before and after CAFA, have recognized that where a class includes many members who have expressed interest in a defendant's goods or services, or who do repeat business with defendants, discounts or coupon benefits are an appropriate

21

form of relief.[8] Besides, Settlement Class Members who do not want to do business with defendants again can simply choose the cash benefit. *See*, *e.g.*, *Varacallo*, 226 F.R.D. at 241 (where choice of relief was available, Court rejected objection that one of those forms of relief was unsatisfactory).

### E.    The Expense Request Should be Approved

"Counsel for a class action is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action." *Careccio v. BMW of N. Am. LLC*, 2010 U.S. Dist. LEXIS 42063, at \*22 (D.N.J. April 29, 2010) (quoting *In re Safety Components Int'l Inc. Sec. Litig.*, 166 F. Supp. 2d 72, 108 (D.N.J. 2001)). Plaintiffs' Counsel have scrupulously documented their expenses in the Joint Decl., and those expenses will come out of the total sum requested by Plaintiffs' Counsel, thereby reducing the multiplier on fees. The Court should thus approve the expenses.

---

[8] *See*, *e.g.*, *In re Subway Foot-Long Sandwich Mktg. & Sales Practices Litig.*, 2016 U.S. Dist. LEXIS 24962, at \*32 (E.D. Wis. Feb. 25, 2016); *Berkson v. Gogo, LLC*, 2015 U.S. Dist. LEXIS 163405, at \*16-17 (E.D.N.Y. Dec. 4, 2015); *Silver v. L.A. Fitness, Int'l, Inc.*, 2013 U.S. Dist. LEXIS 140267, at \*10 (E.D. Pa. Sept. 27, 2013) (noting that settlement class consists of members "who already have an interest in patronizing a fitness club," so that a free club pass would be a benefit to that class); *In re Western Union Money Transfer Litig.*, 2004 U.S. Dist. LEXIS 29377, at \*39 (E.D.N.Y. Oct. 18, 2004); *In re Mexico Money Transfer*, 164 F. Supp. 2d 1002, 1018 (N.D. Ill. 2000), *aff'd*, 267 F.3d 743, 748 (7th Cir. 2001) (noting that class members, who were "[p]ersons who transfer money to Mexico[,] do so an average of 14 times annually," so that coupons had value to them).

### F.    The Requested Incentive Awards Should be Approved

The Settlement Agreement permits plaintiffs to apply for incentive awards of $5,000 for Mr. Schwartz and $5,000 for the Kleins collectively. There are no objections to those proposed awards, and defendants do not oppose them.

Incentive awards have been recognized as appropriate to encourage persons to step forward and assume the burdens of representing a class, and to compensate for "any personal risk incurred by the individual and or any additional effort expended by the individual for the benefit of the lawsuit." *Varacallo*, 226 F.R.D. at 257. Other cases have made incentive awards of $5,000, or even more. *E.g.*, *In re Ins. Brokerage Antitrust Litig.*, 282 F.R.D. 92, 125 (D.N.J. 2012) ($5,000 award to each plaintiff); *Hegab v. Family Dollar Stores, Inc.*, 2015 U.S. Dist. LEXIS 28570, at *39-40 (D.N.J. March 9, 2015) ($7,500 award to plaintiff); *McDonough v. Horizon Healthcare Servs.*, 2014 U.S. Dist. LEXIS 93559, at *34, *47 (D.N.J. July 9, 2014) ($15,000 to one plaintiff and $20,000 to the other).

Mr. Schwartz devoted significant time to this case. He produced documents, answered interrogatories, and came to New Jersey to have his deposition taken. He frequently consulted with Plaintiffs' Counsel about the status of the case, and he approved the settlement of his lawsuit. He certainly merits the requested $5,000 award. *See Varacallo*, 226 F.R.D. at 257 (awarding $10,000 to plaintiffs who had produced documents, been deposed, and commented on the settlement).

Though the *Klein* case did not proceed as far as *Schwartz*, the Kleins stepped forward to represent Budget renters and responded to paper discovery. They also maintained frequent contact with Plaintiffs' Counsel and offered comments on the settlement. They should receive, together, a $5,000 incentive award as well.

## <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully submitted that the Court should grant plaintiffs' request for an award of attorneys' fees and reimbursement of expenses, and for incentive awards, in full.

Dated:  May 20, 2016          **LITE DEPALMA GREENBERG, LLC**

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile:  (973) 623-0858
brgreenberg@litedepalma.com

**KARON LLC**
Daniel R. Karon
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Telephone: (216) 622-1851
Facsimile: (216) 241-8175
karon@gskplaw.com

24

**MILLER GOLER FAEGES LAPINE, LLP**
Jay R. Faeges
1301 E. 9th St., Suite 2700
Cleveland, OH 44114-1835
Telephone: (216) 696-3366
Facsimile: (216) 363-5835
faeges@mgfl-law.com

*Attorneys for Plaintiffs and the Classes*