**LITE DePALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

***Attorneys for Plaintiffs and the Classes***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD SCHWARTZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AVIS RENT A CAR SYSTEM, LLC and AVIS BUDGET GROUP, INC.,<br><br>Defendants. | Civil Action No.: 11-4052 (JLL)(JAD) |
| DANIEL KLEIN and STEPHANIE KLEIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUDGET RENT A CAR SYSTEM, INC. and AVIS BUDGET GROUP, INC.,<br><br>Defendants. | Civil Action No.: 12-7300 (JLL)(JAD) |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND ORDER OF DISMISSAL**

THIS MATTER having been brought before the Court upon the motion of Lite DePalma Greenberg, LLC, counsel for Plaintiff Edward Schwartz ("Schwartz") and the class in *Schwartz v. Avis Rent A Car Sys., LLC*, 11 Civ. 4032 (D.N.J.) (the "*Schwartz* Action"), and counsel for

Plaintiffs Daniel Klein and Stephanie Klein (together, the "Kleins" and collectively with Schwartz, "Plaintiffs") and the settlement class in *Klein v. Budget Rent A Car Sys., Inc.*, 12 Civ. 7300 (D.N.J.) (the "*Klein* Action"), for an order pursuant to Federal Rule of Civil Procedure 23(e), seeking final approval of a class action settlement, and entry of final judgment dismissing the Third Amended Complaint in the *Schwartz* Action and the First Amended Complaint in the *Klein* Action (the "Motion"); and

WHEREAS Defendants Avis Budget Group, Inc., Avis Rent A Car System, LLC ("Avis") and Budget Rent A Car System, Inc. ("Budget") (collectively, "Avis Budget") sought the same relief;

WHEREAS the Court reviewed the submissions of the parties, all properly and timely filed objections to the class action settlement, and the parties' responses to such objections, and held a Fairness Hearing, pursuant to Federal Rule of Civil Procedure 23(e)(2), on May 25, 2016 (the "Fairness Hearing"), and found that the parties are entitled to the relief they seek; and

The Court having considered the pleadings and other papers on file, the argument of counsel, and for good cause shown;

IT IS on this 21st day of June 2016, ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

1. With respect to the Settlement Classes defined below, the Court finds and concludes that:

    a. the Settlement Class Members are so numerous as to make joinder of them impracticable;

    b. there are questions of law and fact common to the Settlement Classes, and such questions predominate over any questions affecting only individual Settlement Class

Members;

   c. Plaintiffs' claims and the defenses asserted to those claims are typical of the claims of Settlement Class Members and the defenses asserted to those claims;

   d. Plaintiffs and their counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; and

   e. the proposed Class Action Settlement is superior to all other available methods for fairly and efficiently resolving these actions, considering

     (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions;

     (ii) the extent and nature of the litigation concerning the controversy already commenced by Settlement Class Members;

     (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and

     (iv) the difficulties likely to be encountered in the management of a class action.

The Court therefore reaffirms that the *Schwartz* Action and determines that the *Klein* Action satisfy the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23(a), and may be maintained as class actions under Federal Rule of Civil Procedure 23(b)(3), with Plaintiffs representing the following Settlement Classes, which the Court hereby certifies:

Avis Settlement Class: All Persons who, at any time from July 14, 2005 through June 14, 2012, were members of the Avis Preferred Service Program, rented a vehicle in the United States through www.avis.com, and paid a Frequent Traveler Program Surcharge (an "FTP Surcharge") for receiving frequent-flyer miles from any of Avis's travel partners.

Budget Settlement Class: All Persons who, at any time from November 27, 2006 through February 17, 2013, were members of the Budget Rapid Rez With Fastbreak Program, rented a vehicle in the United States through www.budget.com, and paid an FTP Surcharge for receiving frequent-flyer miles from any of Budget's travel partners.

Avis, Budget and their respective officers, directors and employees, counsel for the parties, and federal judges or members of their families within the first degree of consanguinity also excluded from the Settlement Classes.

2. Notice to the Settlement Classes has been provided in accordance with the Court's February 16, 2016 Preliminary Approval Order. Such Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process. The Notice apprised the members of the Settlement Classes of the pendency of the litigation, of all material elements of the proposed settlement, of the *res judicata* effect on the members of the Settlement Classes, and of their opportunity to opt out of the settlement, to comment on and object to the settlement, and to appear at the Fairness Hearing. Full opportunity has been afforded to the members of the Settlement Classes to participate in the Fairness Hearing. Accordingly, the Court determines that all members of the Settlement Classes, except the Settlement Class Members listed on Exhibit 1 to this Order who have timely and properly opted out of the Settlement, are bound by this Order and by the final judgment to be entered pursuant to this Order.

3. The Settlement Agreement and Release dated January 22, 2016 (the "Settlement Agreement") was arrived at after extensive arm's length negotiations conducted in good faith by counsel for the parties, and is supported by the majority of the members of the Settlement Classes.

4. Through May, 2016, a total of 8 purported members of the Avis ~~Settlement Class and~~ and ~~purported members of the~~ Budget Settlement ~~Class~~ Classes have timely and properly opted out of the Settlement, and are listed on Exhibit 1 to this Order.

5. This litigation presents difficult and complex issues as to liability and damages, as to which there are substantial grounds for differences of opinion.

6. The Settlement is fair, reasonable and adequate in light of the complexity, expense and duration of the litigation, and the risks inherent and involved in establishing liability and damages, and in maintaining the class actions as to liability issues through trial and appeal.

7. The promises and commitments of the parties under the terms of the Settlement Agreement constitute fair value given in exchange for the releases of the Released Claims against the Released Parties (both as defined in the Settlement Agreement). The following claims are therefore released against Avis, Budget and the other Released Parties:

Any and all claims, damages, suits, demands, liabilities, judgments, losses, and causes of action relating to the imposition of an FTP Surcharge in connection with vehicle rentals (1) by Avis from July 14, 2005 through June 14, 2012, or (2) by Budget from November 27, 2006 through February 17, 2013, of any kind or character, whether known or unknown, matured or unmatured, sounding in law or equity, seeking damages or any other relief (including attorneys' fees), that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, based upon any federal or state statutory or common law, including but not limited to, claims sounding in tort, contract, and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, and all claims, damages, suits, demands, liabilities, judgments, losses, or causes of action which have been, might have been, are now, or could be asserted by any Plaintiff or any

Settlement Class Member arising out of, based upon, or related to, in whole or in part, the facts and circumstances underlying the claims and causes of action set forth in either the *Schwartz* Action or the *Klein* Action.

8. The parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

9. It is in the best interests of the parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any of the Released Parties (as defined in the Settlement Agreement) which in any way relates to the applicability or scope of the Settlement Agreement or this Order should be presented exclusively to this Court for resolution by this Court.

IT IS FURTHER ORDERED as follows:

A. The parties' request for final approval of the Class Action Settlement is GRANTED.

B. The Settlement Agreement submitted by the parties is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Classes, and the parties are hereby directed to consummate the Settlement Agreement in accordance with its terms.

C. The proposed method for providing relief to Settlement Class Members, as set forth in the Settlement Agreement, is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Classes.

D. The Court approves a payment of $3,050,000.00 in fees and expenses to Plaintiffs' Counsel, which shall be paid within 14 days of the later of the date upon which all appeals, if any, from this Order have been finally concluded and exhausted, or the date upon which the time

to seek any appellate remedy (including rehearing or writ of *certiorari* to the United States Supreme Court) from this Order has expired. Plaintiffs' Lead Counsel shall allocate these fees and expenses among Plaintiffs' Counsel in a manner that Plaintiffs' Counsel have agreed reflects the respective contributions of each law firm to the results achieved in this matter.

E. The incentive awards of $5,000 to Schwartz and a joint award of $5,000 to the Kleins are approved. Such incentive awards shall be paid within 14 days of entry of this Order.

F. All Complaints and claims asserted in these actions are hereby dismissed on the merits with prejudice.

G. This Order, the Settlement Agreement, the Settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement are not, and shall not be construed or used as an admission by or against any of the Released Parties of any fault, wrongdoing, or liability on their part, of the validity of any Released Claims, or of the existence or amount of any alleged damages.

H. Without affecting the finality of the judgment entered pursuant to this Order, this Court retains continuing jurisdiction regarding the Settlement, including the administration, consummation and enforcement of the Settlement Agreement. In addition, without affecting the finality of the judgment entered pursuant to this Order, this Court retains jurisdiction over the parties and each member of the Settlement Class, who are deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to this Order.

I. The Court finds that there is no reason for delay and directs the Clerk to enter judgment in accordance with the terms of this Order.

J. This Court hereby enters a Permanent Injunction barring and enjoining Plaintiffs and all Settlement Class Members, to the extent permissible by existing law, from bringing, filing, commencing, prosecuting (or further prosecuting), maintaining, intervening in, participating in, or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims identified in paragraph 7 of this Order.

Honorable Jose L. Linares, U.S.D.J.

# EXHIBIT 1

## Exclusion Requests

| GCG ID No | Name | State |
|---|---|---|
| 24A8FC9851 | BENJAMIN JONES | PA |
| B131B5F523 | JOHN CLEVESY | PA |
| 3B524BBF0B | JOHN SOUTHALL | GA |
| EABAF980DB | KRISTI TRAIL HEYMANN | LA |
| 7D8B30C9EC | ROBERT HADDOCK | CA |
| D7F5C54AE0 | TIMOTHY KING | OH |
| 264820F8F2 | VALERIE COSTON | TN |
| 33D423BDC3 | WENDY KISHIMOTO | HI |