**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD SCHWARTZ, on behalf of himself and others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>AVIS RENT A CAR SYSTEM, LLC, and AVIS BUDGET GROUP, INC.,<br><br>*Defendants*. | Civil Action No. 11-4052 (JLL) (JAD) |
| DANIEL KLEIN and STEPHANIE KLEIN, on behalf of themselves and others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>BUDGET RENT A CAR SYSTEM, INC. and AVIS BUDGET GROUP, INC.,<br><br>*Defendants*. | Civil Action No. 12-7300 (JLL) (JAD) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL OBJECTOR-APPELLANT MARK RAY TO POST AN APPEAL BOND, PURSUANT TO FED. R. APP. P. 7**

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com
*Attorneys for Plaintiffs and the Classes*
[Additional Counsel on Signature Page]

602515.1

## **TABLE OF CONTENTS**

                                                                                                                          **Page**

I. Introduction ..............................................................................................................1

II. Argument .................................................................................................................2

        A. Under Appellate Rule 7, this Court has "wide discretion" when imposing an appeal bond ......................................................................2

        B. This Court should impose an appeal bond because it assures adequate security against the objector's failure to pay the costs of his appeal ..............................................................................................3

        C. The Court should require at least a $69,000 bond ................................7

III. Conclusion ..............................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*Adsani v. Miller*,
   139 F.3d 67 (2d Cir. 1998) ..................................................................................2, 8

*Dennings v. Clearwire Corp.*,
   2013 WL 3870801 (W.D. Wash. July 26, 2013) ..................................................6

*Dewey v. Volkswagen of Am.*,
   Nos. 07-2249, 07-2361, 2013 WL 3285105 (D.N.J. Mar. 18, 2013)............3, 4, 8

*Glaberson v. Comcast Corp.*,
   No. 03-6604, 2015 WL 7887788 (E.D. Pa. Dec. 3, 2015)..........................*passim*

*Hirschensohn v. Lawyers Title Ins. Corp.*,
   No. 96-7312, 1997 WL 307777 (3d Cir. June 10, 1997) ......................................7

*In re Certainteed Fiber Cement Siding Litig.*,
   No. 2270, 2014 WL 2194513 (E.D. Pa. May 27, 2014) ................................5, 11

*In re Diet Drugs Prods. Liab. Litig.*,
   MDL No. 1203, 2000 WL 1665134 (E.D. Pa. Nov. 06, 2000).....................3, 8, 9

*In re General Elec. Co. Sec. Litig.*,
   998 F. Supp. 2d 145 (S.D.N.Y. 2014)...................................................................6

*In re Cardizem CD Antitrust Litig.*,
   391 F.3d 812 (6th Cir. 2004).................................................................................3

*In re Heritage Bond Litig.*,
   MDL No. 02-ML-1475 DT, 2004 WL 2401111 (C.D. Cal. Sept. 12, 2005)........3

*In re Am. Inv. Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*,
   695 F. Supp. 2d 157, 167 (E.D. Pa. 2010) ............................................................3

*In re Initial Pub. Offering Sec. Litig. ("IPO")*,
   728 F. Supp. 2d 289 (S.D.N.Y. 2010)...................................................................3

*In re Ins. Brokerage Antitrust Litig.*,
   No. 04-5184, 2007 WL 1963063 (D.N.J. July 2, 2007)...............................3, 8, 12

*In re Nutella Mktg. & Sales Practices Litig.*,
   589 F. App'x 53 (3d Cir. 2014)................................................................*passim*

*In re Wal-Mart Wage & Hour Empl. Practices Litig.*,
   No. MDL 1735, 2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010)..............6

*Nichols v. Smithkline Beecham Corp.*,
   No. 00-6222 (E.D. Pa. Nov. 15, 2005)................................................................9

*Rossi v. The Proctor & Gamble Co.*,
   No. 11-7238, 2014 WL 1050658 (D.N.J. Mar. 17, 2014)............................*passim*

I. **Introduction**

To the detriment of thousands of Settlement Class Members who will benefit from this class action settlement, an unsuccessful objector, Mark Ray, has filed an appeal challenging this Court's order granting final approval of the settlement in these consolidated cases. As this Court recognized in its opinion granting final settlement approval, ECF No. 191, at 13 n.3, many courts across the country have criticized Christopher Bandas, the attorney behind Ray's appeal, for his behavior in filing groundless, serial objections to and appeals of class action settlements.

Plaintiffs and the Class request that the Court protect the Class by requiring Ray (and any other Settlement Class Member who may later appeal), to post an appeal bond, under Federal Rule of Appellate Procedure 7. Other courts have required bonds from Bandas's objectors, in amounts as large as $500,000. Here, a bond is necessary because 1) Ray's objection delays the release of the settlement benefits, 2) Ray is a citizen of Texas, which creates issues with collection, 3) there is no evidence that Ray can or will pay costs related to the appeal if he loses, and 4) Bandas and his objector client in an earlier case failed to post an appeal bond despite a court order.

In late 2014, the Third Circuit ruled in *In re Nutella Mktg. & Sales Practices Litig.*, 589 F. App'x 53 (3d Cir. 2014), that district courts may include in a required Appellate Rule 7 appeal bond the administrative costs for maintaining the

settlement fund throughout the appeal. Thus, before Ray proceeds with the appeal, Plaintiffs and the Class ask the Court to impose an appeal bond of at least $69,000, representing at least $10,000 for costs under Fed. R. App. P. 39 plus $5,900 per month for administering the settlement for the ten month average period for resolution of appeals in the Third Circuit. It is proper to protect the Class against these costs as Ray and his serial objector counsel are forcing these costs upon the Class with their meritless appeal.

## II.     Argument

### A.     Under Appellate Rule 7, this Court has "wide discretion" when imposing an appeal bond.

Rule 7 of the Federal Rules of Appellate Procedure states that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." *Nutella*, 589 F. App'x at 60 (Rule 7 "authorizes a district court to order an appellant to post a bond covering the costs of appeal"). "Such a bond is often termed a 'cost bond' or an 'appeal bond.'" *Id.* "The purpose of the bond is to ensure against nonpayment by the appellant of the costs of the appeal should the appeal prove unsuccessful." *Glaberson v. Comcast Corp.*, No. 03-6604, 2015 WL 7887788, *1 (E.D. Pa. Dec. 3, 2015) (citing *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)).

"The Court has wide discretion to determine whether an appeal bond under Rule 7 will be issued, and in what amount it will be issued." *Rossi v. The Proctor & Gamble Co.*, No. 11-7238, 2014 WL 1050658, *1 (D.N.J. Mar. 17, 2014) (citing *In re Ins. Brokerage Antitrust Litig.*, No. 04-5184, 2007 WL 1963063, *2 (D.N.J. July 2, 2007)). *See also Nutella*, 589 F. App'x at 60 (Third Circuit "review[s] the imposition of an appeal bond under Federal Rule of Appellate Procedure 7 for abuse of discretion.") (citing FED. R. APP. P. 7, 1979 Advisory Committee Note (other citations omitted)).

  **B.**  **This Court should impose an appeal bond because it assures adequate security against the objector's failure to pay the costs of his appeal**

The Class requires the protection of an appeal bond to allow it to recover the costs for the appeal by an out-of-state serial objector. "[M]any courts have required such [serial] objectors to post bonds." *Dewey v. Volkswagen of Am.*, Nos. 07-2249, 07-2361, 2013 WL 3285105, *4 (D.N.J. Mar. 18, 2013) (citing *In re Initial Pub. Offering Sec. Litig.* ("*IPO*"), 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010), *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004), *In re Heritage Bond Litig.*, MDL No. 02-ML-1475 DT, 2004 WL 2401111, *7 (C.D. Cal. Sept. 12, 2005), *In re Am. Inv. Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 167 (E.D. Pa. 2010), *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, 2000 WL 1665134, *5 (E.D. Pa. Nov. 06, 2000)). When considering an

3

objector's willingness and ability to pay, "any cost award will be entered against appellant objectors, not their counsel." *Dewey*, 2013 WL 3285105, *3 (citing FED. R. APP. P. 39(a)(1)).

A district court is to consider the following factors when determining the need for an appeal bond:

> (1) The risk that the objector(s) will not pay the costs if the loses the appeal;
> (2) The objector's financial ability to post the bond; and
> (3) Whether the bond requirement will effectively preclude pursuit of the appeal.

*Glaberson*, 2015 WL 7887788, *2 (other citations omitted).

Any "objectors' lack of personal interest in the appeal presents a risk of non-payment and favors requiring a cost bond." *Dewey*, 2013 WL 3285105, *3. Additionally, the fact that objectors reside outside the district "further supports the need for an appeal bond to mitigate the risk of non-payment[,]" as "plaintiffs would need to institute collections actions against them in their home state to recover costs." *Id.* at *3 (citing *IPO*, 728 F.Supp.2d at 293 n.7).

For example, in *Dewey*, the district court found that a bond was warranted where (1) there was no indication that the objectors could not afford an appropriate bond, (2) there was no assurance that the costs would be paid if their appeal were

4

lost, and (3) the objectors were out of state, making collection challenging. 2013 WL 3285105, *4.

Likewise, in *Nutella*, the Third Circuit affirmed an appeal bond against objectors who failed to respond in meaningful ways to the proceedings, who were a geographically dispersed group and who did not provide any representations that they were able to pay the appeal costs. 589 F. App'x at 61.

Finally, in *Glaberson*, the district court ordered a bond, even though the objector had the apparent financial ability to post the bond, because the bond would not effectively preclude his pursuit of the appeal and there was still a risk he would not pay the costs if he lost the appeal. 2015 WL 7887788, *4.

Here, Ray's appeal delays Defendants' obligation to release the settlement benefits to the thousands of Settlement Class Members who have submitted claims. *In re Certainteed Fiber Cement Siding Litig.*, No. 2270, 2014 WL 2194513, *1 (E.D. Pa. May 27, 2014) (describing delayed payment of submitted claims as basis for "requir[ing] objectors to post an appeal bond."). There is also no evidence that Ray is unable to post an appeal bond. *See id.* at *2 (objectors' "unsupported assertion regarding their claimed inability to pay [was] not sufficient to dissuade [court] from finding that an appeal bond [was] warranted").

But there *is* a risk that the Class will not be reimbursed for winning the appeal, as there is no evidence that Ray would be able to pay the costs if he loses

5

the appeal. It is highly unlikely that the Ray would willingly pay any costs levied against him at the outcome of the appeal. Furthermore, that Ray is out of state invites issues with collections and provides additional support for imposing a bond.

Finally, Ray's counsel—the person *really* driving this objection—is a serial objector. Other courts have imposed appeal bonds against Bandas's objector clients. *See, e.g., In re Wal-Mart Wage & Hour Empl. Prac. Litig.*, 2010 U.S. Dist. LEXIS 21466, *18–19 (D. Nev. Mar. 8, 2010) (requiring Bandas and his client to post $500,000 appeal bond following appeal of overruled objection to class action settlement); *In re General Elec. Co. Sec. Litig.*, 998 F.Supp.2d 145, 156, (S.D.N.Y. 2014) (imposing $54,700 for appeal bond, as it found that Bandas "has been repeatedly admonished for pursuing frivolous appeals of objections to class action settlements"). In at least one instance, Bandas was sanctioned for a failure to timely post a bond ordered by a court. *Dennings v. Clearwire Corp.*, 2013 WL 3870801 (W.D. Wash. July 26, 2013). With this history, the Class is entitled to seek this Court's protection by requiring Ray to post an appeal bond before he can proceed with his appeal.

### C. The Court should require at least a $69,000 bond.

"Factors used to determine the amount of the bond begin with the items that may be taxed as costs under Federal Rule of Appellate Procedure 39(e)." *Glaberson*, 2015 WL 7887788, *3. This Court has found that "costs" as referenced in Rule 7 "'are those that may be taxed against an unsuccessful litigant under Federal Rule of Appellate Procedure 39.'" *Rossi*, 2014 WL 1050658, *1 (quoting *Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 WL 307777, *1 (3d Cir. June 10, 1997)).

Appellate Rule 39 permits "[t]he following costs on appeal [as] taxable in the district court for the benefit of the party entitled to costs under this rule":

> (1) The preparation and transmission of the record;
> (2) The reporter's transcript, if needed to determine the appeal;
> (3) Premiums paid for a *supersedeas* bond or other bond to preserve rights pending appeal; and
> (4) The fee for filing the notice of appeal.

*See also Nutella*, 589 F. App'x at 60–61 (Appellate Rule 39(e) "include[s] the costs of preparation of and transmission of the record, the costs of obtaining any necessary transcripts, printing costs and other copying costs, premiums or costs for *supersedeas* bonds or other bonds to secure rights pending appeal, and fees for filing the notice of appeal.").

7

602515.1

Local Appellate Rule 39.3 describes the maximum rate at which the Third Circuit will tax the costs for reproduction. *See Rossi*, 2014 WL 1050658, *1 (citing 3d Cir. L.A.R. 39.3):

Reproduction (whether by offset or typography):
| | |
|---|---|
| Reproduction per page (for 20 copies or less): | $4.00 |
| Covers (for 20 copies or less): | $50.00 |
| Binding per copy: | $4.00 |
| Sales Tax: | Applicable Rate |

Photocopying (whether in house or commercial):
| | |
|---|---|
| Reproduction per page per copy: | $0.10 |
| Binding per copy: | $4.00 |
| Covers (for 20 copies or less): | $40.00 |
| Sales Tax: | Applicable Rate |

Third Cir. L.A.R. 39.3(1), (2).

Minding these elements, this district's *Insurance Brokerage* decision "conclude[d] that a $25,000 bond [was] reasonable," and would "'adequately secure recovery of costs should the class prevail but [would] not work a financial hardship on the exercise of the Objectors' rights to appeal.'" *Ins. Brokerage*, 2007 WL 1963063, at *3 (citing *In re Diet Drugs*, 2000 U.S. Dist. LEXIS 16085, *6); *see also Adsani*, 139 F.3d at 76–78 ($35,000 bond not unconstitutional barrier to appeal where no showing of inability to pay); *Dewey*, 2013 WL 3285105, at *1 ($10,000 bond); *Endo Pharm.*, 2014 WL 4209219, at *3 ($10,000 bond).

When the objector argued that $25,000 was an "exorbitant bond, and that it was impossible for the costs associated with the appeal to reach that amount," *id.,*

8

2007 WL 1963063, at *2, and that plaintiffs should submit affidavits or a specific list showing the costs for a bond motion, *id.* at *2–3, the court denied both requests, *id.* at *3, instead ruling that $25,000 was "a reasonable amount," and that plaintiffs need not submit affidavits or a specific list of costs, *id.* For support, the court relied on Third Circuit cases that imposed a $25,000 bond. *Id.* at *2: *Nichols v. Smithkline Beecham Corp.*, No. 00-6222 (E.D. Pa. Nov. 15, 2005)) (imposing $25,000 bond), *In re Diet Drugs*, 2000 WL 1665134, *21 ($25,000 a reasonable estimate). The district court further explained that $25,000 was reasonable because, as here, the plaintiffs could face appeals from other objectors, which could increase expenses. *Id.* at *3. With that, Plaintiffs request a minimum of $10,000, or (in the Court's discretion) up to $25,000 as a reasonable amount to cover the Appellate Rule 39 costs of Ray's appeal.

Prior to *Nutella*, an appeal bond could not go beyond Rule 39 costs. *Nutella*, however, *now* allows district courts also to include in a Rule 7 appeal bond the costs for administering the settlement funds and claims.[1] *Nutella*, 589 F. App'x at 61 ("The District Court determined . . . that administrative costs could be secured by a Rule 7 bond. We do not find that determination to be in error."). In particular,

---

[1] *Nutella* was decided on September 29, 2014, six months after this Court ruled, on March 17, 2014, in *Rossi*.

9

602515.1

the Third Circuit affirmed the New Jersey district court's order that included "one year's worth of administrative expenses." *Id.* at 57, 61.

*Glaberson* followed *Nutella*, when deciding to impose administrative costs for an appeal bond. "The *Nutella* decision," the court explained, "holds that it is not an abuse of discretion to require an appeal bond that covers the costs to administer the class settlement during the pendency of an appeal." *Glaberson*, 2015 WL 7887788, *3. The court also highlighted the Third Circuit's observation "that the objectors in *Nutella* were 'serial objectors." *Id.* at *3 n.4. Based on *Nutella*, the *Glaberson* court included in the appeal bond the costs of administering the class settlement during the pendency of the appeal, as "only three claimants decided to opt out of the settlement, and the Court received only three objections." *Id.* at *3, *4.

Notably, *Glaberson* observed that "permitting one lone objector, asserting a cash claim valued at $15, to significantly delay receipt by the other Class members of their settlement benefits—while causing the Class to incur substantial additional costs without some guarantee that those costs, if taxed, [would] be recoverable—weigh[ed] heavily in favor of requiring a bond for the full amount sought by the Class." *Id.* Those same considerations apply to Ray here.

The accompanying Declaration of the Court-appointed Claims Administrator, Garden City Group's Lori L. Castenada, ¶5, states that the costs to

10

maintain the settlement website, database, toll-free phone number, and claims service are $5,900 per month. Accordingly, in addition to the Rule 39 costs described above, Plaintiffs ask this Court to impose administrative costs, as permitted by the Third Circuit, of $5,900 per month to maintain the settlement website, database, toll-free number, and claims service. This includes the costs of updating the website with information about the appeal, maintaining the website and toll-free number, storing pertinent documents, and continuing class-member communications.[2]

"Given that the average appeal in this Circuit is 10 months," *Certainteed*, 2014 WL 2194513, *1 (requiring appeal bond), Plaintiffs request that the appeal bond include $59,000 for administrative costs.

---

[2] Specifically, "additional administration expenses will be incurred relating to document storage, updating the Settlement Website with information about the appeal, maintaining the Settlement Website, maintaining Settlement Class Member information in a dedicated database, maintaining the toll-free number and Interactive Voice Response ("IVR") system that Settlement Class Members can call to receive information about the Settlement, and handling ongoing Class Members communications." Castenada Declaration, at ¶ 4.

11

## III.  Conclusion

An appeal bond is necessary to protect the settlement class for costs against Bandas and Ray. Plaintiffs, therefore, request a bond in the total amount of at least $69,000 (or, in the Court's discretion, up to $84,000), which represents Rule 7 costs of $10,000 (or up to $25,000, in the Court's discretion, as in *Ins. Brokerage*) plus administrative costs during the pendency of Ray's appeal of $59,000.

                                          **LITE DEPALMA GREENBERG, LLC**

Dated: July 8, 2016         */s/ Bruce D. Greenberg*
                                        Bruce D. Greenberg
                                        570 Broad Street, Suite 1201
                                        Newark, NJ 07102
                                        Telephone: (973) 623-3000
                                        Facsimile:  (973) 623-0858
                                        brgreenberg@litedepalma.com

                                        **KARON LLC**
                                        Daniel R. Karon
                                        700 W. St. Clair Ave., Suite 200
                                        Cleveland, OH 44113
                                        Telephone: (216) 622-1851
                                        Facsimile: (216) 241-8175
                                        karon@gskplaw.com

                                        **MILLER GOLER FAEGES LAPINE, LLP**
                                        Jay R. Faeges
                                        1301 E. 9th St., Suite 2700
                                        Cleveland, OH 44114-1835
                                        Telephone: (216) 696-3366
                                        Facsimile: (216) 363-5835
                                        faeges@mgfl-law.com

                                        *Attorneys for Plaintiffs and the Classes*

602515.1