**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD SCHWARTZ, on behalf of himself and others similarly situated, | Civil Action No. 11-4052 (JLL) |
| *Plaintiff*, | |
| vs. | |
| AVIS RENT A CAR SYSTEM, LLC, and AVIS BUDGET GROUP, INC., | |
| *Defendants*. | |
| DANIEL KLEIN and STEPHANIE KLEIN, on behalf of themselves and others similarly situated, | Civil Action No. 12-7300 (JLL) |
| *Plaintiffs*, | **OPINION** |
| vs. | |
| BUDGET RENT A CAR SYSTEM, INC. and AVIS BUDGET GROUP, INC., | |
| *Defendants*. | |

**LINARES**, District Judge.

On June 21, 2016, after granting preliminary approval of class action settlement and holding a fairness hearing at which one objector appeared via his attorney, this Court granted final approval of a class action settlement in the above-captioned matters. (11-cv-4052, ECF No. 186; 12-cv-7300, ECF No. 73).

On June 29, 2016, Mark Ray filed a notice of appeal of this Court's Final Order. (11-cv-4052, ECF No. 194; 12-cv-7300, ECF No. 74). Presently before the Court is Plaintiffs' Motion to require the Objector Appellants to Post an Appeal Bond in the amount of $69,000, filed pursuant

1

to Federal Rule of Appellate Procedure 7. (11-cv-4052, ECF No. 195; 12-cv-7300, ECF No. 76). Mark Ray has opposed this motion (11-cv-4052, ECF No. 199), and Plaintiffs have replied to same (12-cv-7300, ECF No. 200). This Court has reviewed all papers submitted in relation to this Motion, and for the reasons stated below, Plaintiffs' motion is **granted in part.**

## LEGAL STANDARD

Federal Rule of Appellate Procedure 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. District courts have wide discretion in determining whether an appeal bond under Rule 7 will be issued, as well as the amount that will be issued. *See In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-5184, 2007 WL 1963063, at *2 (D.N.J. July 2, 2007) (Brown, C.J.) (citing *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)). Courts exercising discretion over the issuance and amount of an appeal bond are guided by the following factors:

> (1) [W]hether the amount of the bond is 'necessary to assure adequate security'; (2) the risks that the appellant will not pay the costs if it loses the appeal; (3) the appellant's financial ability to post bond; and (4) whether the amount of the bond will effectively preclude pursuit of the appeal.

*Dewey v. Volkswagen of America*, Civ. Nos. 07-2249, 07-2361, 2013 WL 3285105, at *2 (D.N.J. Mar. 18, 2013) (Kern, J.) (quotations and citations omitted).

If the Court determines that a bond is appropriate under Rule 7, it must then set the amount of the bond. *See* Fed. R. App. P. 7. When determining the amount of the bond, "'[c]osts' referred to in Rule 7 are those that may be taxed against an unsuccessful litigant under Federal Rule of Appellate Procedure 39." *Hirschensohn v. Lawyers Title Ins. Corp.*, Civ. No. 96–7312, 1997 WL

307777, at * 1 (3d Cir. June 10, 1997) (unpublished) (citation omitted).  Federal Rule of Appellate

Procedure 39 enumerates the following "costs on appeal [that] are taxable in the district court":

> (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e).  "These various items have their source in 28 U.S.C. § 1920." *Hirschensohn*,

1997 WL 307777, at *1.  Furthermore, Part (c) of Rule 39 requires that each Circuit fix, by local

rule, "the maximum rate for taxing the cost of producing necessary copies." Fed. R. App. P. 39(c).

Third Circuit Local Appellate Rule 39.3 outlines the maximum rate at which costs of reproduction

will be taxed in this Circuit.  *See* 3d Cir. L.A.R. 39.3 (2011).[1]

Ultimately, a Rule 7 bond is appropriate if it "adequately secure[s the] recovery of costs

should the class prevail but [does] not work a financial hardship on the exercise of the Objectors'

rights to appeal." *In re Diet Drugs Products Litig.*, MDL No. 1203, Civ. No. 99-20593, 2000 WL

1665134, at *6 (E.D. Pa. Nov. 6, 2000) (citing *Adsani*, 139 F.3d at 76-78).

## ANALYSIS

---

[1] Third Circuit Local Rule 39.3(c) provides: Costs of Reproduction of Briefs and Appendices.  In taxing costs for printed or photocopied briefs and appendices, the clerk will tax costs at the following rates, or at the actual cost, whichever is less, depending upon the manner of reproduction or photocopying:

| | |
|---|---|
| (1) Reproduction (whether by offset or typograph): | |
| Reproduction per page | $4.00 |
| (for 20 copies or less) | |
| Covers (for 20 copies or less) | $50.00 |
| Binding per copy | $4.00 |
| Sales Tax | Applicable Rate |
| (2) Photocopying (whether in house or commercial): | |
| Reproduction per page | $ .10 |
| Per copy | |
| Binding per copy | $4.00 |
| Covers | $40.00 |
| (for 20 copies or less) | |
| Sales Tax | Applicable Rate |

3

### 1. An Appeal Bond is Appropriate in this Action

Courts will assume that objectors do have the financial ability to pay costs on appeal unless the objectors proffer any evidence suggesting otherwise. *See In re Initial Public Officer Security Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010) ("[T]he Objectors have not presented any evidence demonstrating that they lack the financial ability to post a bond. Accordingly, the Objectors' ability to do so is presumed."). Here, the Objector has not stated that he does not have the finances to post a bond. Therefore, this bond is unlikely to discourage Ray from pursuing his appeal.

Moreover, this Court credits Plaintiffs' argument that there is a risk that Ray will not pay appeal costs because he hails from Texas, outside of the Third Circuit. (Pls.' Mov. Br. at 3-5); *see In re Nutella Mktg & Sales Practices,* Civ. No. 11-1086, 2012 WL 6013276, at \*2 (D.N.J. Nov. 20, 2012) (Wolfson, J.), *aff'd* 589 Fed. App'x 53 (3d Cir. 2014) (unpublished) ("[T]he Objectors, who are a geographically diverse group of individuals, have not provided any evidence or certification representing that they will be able to pay fully the costs of an appeal."); *see also In re Certainteed Fiber Cement Siding Litig.*, 2014 WL 2194513, at \*2 ("[T]he objector's residence outside of the Third Circuit will arguably make it more difficult for the settling class to collect their costs should they prevail on appeal.").

Having determined that Ray is required to post a bond in order to secure the interests of the remaining non-appealing class members, this Court must now determine the appropriate amount of that bond. *See* Fed. R. App. P. 7.

### 2. The Appeal Bond will Not Consist of Costs Associated with Settlement Administration

Federal Rule of Appellate Procedure 7 instructs that an appeal bond should be issued only in an "amount necessary to ensure payment of costs on appeal." Rule 39(e), in turn, identifies precisely what expenses may be considered "costs":

> (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

Here, Plaintiffs request an appeal bond in the amount of $69,000. (Pls.' Br. at 2). Specifically, Plaintiffs seek $10,000 to $25,000 "as a reasonable amount to cover the Appellate Rule 39 costs of Ray's appeal." (*Id.* at 9.) In other words, $10,000 to $25,000 of the requested appeal bond consists of costs expressly outlined in Rule 39. The second component, or the remaining $59,000 of the requested bond, consists of the anticipated costs of the continued administration of the settlement fund while the appeal is pending ("administrative costs").[2] (Id.) In response, Ray argues that administrative costs are not permitted in calculating the bond amount. This Court agrees.

Two years ago, this Court was presented with the same question of whether expenses not specifically enumerated in Rule 39 could be included in a Rule 7 bond. *Rossi v. Proctor Gamble Co.*, Civ. No. 11-7238, 2014 WL 1050658 (D.N.J. Mar. 17, 2014) (Linares, J.). In *Rossi*, this Court adopted the rationale of an unpublished but widely-cited opinion in which the Third Circuit was presented with the question of whether projected attorneys' fees—which, like administrative costs, are not enumerated in Rule 39(e)—can nevertheless be included in a Rule 7 appeal bond. *Id.* (citing *Hirschensohn*, 1997 WL 307777, at *3).

---

[2] Plaintiffs have submitted a declaration of Lori Castaneda, Vice President of Operations of Garden City Group, LLC, (ECF No. 76-2, "Castaneda Decl."), who estimates monthly costs of $5,900, including "maintaining the Settlement Website [and] maintaining Settlement Class Member information in a dedicated database . . ." (Castaneda Decl. ¶ 3). Because this Court reaffirms its holdings in *Rossi* and *Demmick* that administrative costs cannot be included in the amount of an appeal bond, this Court need not address the Castaneda Declaration.

The Panel in *Hirschensohn* held that "attorneys' fees are distinct from the 'costs' defined by Rule 39," and therefore, were excluded from a Rule 7 bond. *Id.* at *2-3. The Circuit Court discussed a Supreme Court decision, *Roadway Express, Inc. v. Piper*, where the High Court "observed that when Congress enacted section 1920 [which is the source of the "costs" outlined in Federal Rule of Appellate Procedure 39], the prevailing 'American Rule' was that 'attorney's fees [were] not among the costs that a winning party [could] recover.'" *Ibid.* (citing *Piper*, 447 U.S. at 759). After discussing the *Piper* decision, the Third Circuit held that "Rule 7 does not grant authority to receive a bond for attorneys' fees in this case." *Hirschensohn*, 1997 WL 307777, at *3. Thus, in *Rossi*, "this Court applie[d] reasoning consistent with that set forth in *Hirshensohn*" and "denie[d] inclusion of any administrative costs that are not specifically enumerated in Rule 39." *Id.* at *2.

In November of 2012, another District Court in the District of New Jersey permitted, by way of letter order, the inclusion of administrative costs in an appeal bond. *In re Nutella Mktg & Sales Practices*, Civ. No. 11-1086, 2012 WL 6013276 (D.N.J. Nov. 20, 2012) (Wolfson, J.), *aff'd* 589 Fed. App'x 553 (3d Cir. Sept. 11, 2014). Notably, the District Judge in that case recognized that the objectors' briefs were largely deficient, particularly with respect to their argument that administrative costs were not appropriate for a Rule 7 bond. *Id.* at *2. On appeal, the Third Circuit affirmed the district court's ruling on administrative costs, stating only: "The District Court determined, over the . . . Appellant's objection, that administrative costs could be secured by a Rule 7 bond. We do not find that determination to be in error." *In re Nutella Mktg. & Sales Practices Litig.*, 589 F. App'x 53, 61 (3d Cir. 2014). Based on this language from an unpublished

Third Circuit case, Plaintiffs argue that the Third Circuit permits a district court to include the administrative costs in setting the amount of an appeals bond.[3]  (Pls.' Mov. Br. at 10).

Thus, this Court is faced with two contradictory, unpublished Third Circuit cases.  In *Hirschensohn,* an often-cited opinion, the Third Circuit conducted a thorough analysis of Federal Rules of Appellate Procedure 7 and 39 before concluding that attorneys' fees were not included in a Rule 7 bond.  1997 WL 307777.  By contrast, in *Nutella*, the Third Circuit reviewed the District Court's award of an appeal bond under an abuse of discretion standard and neither cited to nor overruled *Hirschensohn* before stating that it "do[es] not find that determination [as to administrative costs] to be in error."  589 Fed. App'x at 61.  Because this Court finds that the earlier unpublished case more pointedly addresses the issue of costs appropriately included under Rules 7 and 39, it will continue to rely on the *Hirschensohn* rationale in finding that administrative costs are not included in a Rule 7 bond.[4]

Notably, this Court is not the only court to credit the holding of *Hirschensohn* over that of *Nutella*.  In a published decision post-dating the Third Circuit's unpublished *Nutella* opinion, the Tenth Circuit cited *Hirshensohn* in recognizing that the "Third Circuit[] restrict[s] an appeal bond to only costs listed in Fed. R. App. R. 39." *Tennile v. Western Union Co.*, 774 F.3d 1249, 1255 (10th Cir. Dec. 22, 2014).  Moreover, this Court's determination that administrative costs are not

---

[3] Plaintiffs also rely on an unpublished case from the Eastern District of Pennsylvania in support of their argument that administrative costs may be included in the Rule 7 bond. *Glaberson v. Comcast Corp.*, No. 03-6604, 2015 WL 7887788, at *1 (E.D. Pa. Dec. 3, 2015).  There, the Court found that administrative costs should be included in the appeal bond, partially because of the risk that the objector would not pay the costs if he lost the appeal. *Id. Glaberson*, however, is not binding on this Court, and the Court declines to sway from its own consistent interpretation (in *Rossi* and *Demmick*) of the proper scope of the Rule 39 bond.

[4] Just last year, this Court re-affirmed its rationale and holding in *Rossi* in the case of *Demmick v. Cellco Partnership*. Civ. No. 06-2163, ECF No. 219 (D.N.J. Sept. 9, 2015).  In *Demmick*, for the same reasons explained herein, the Court relied on *Hirschensohn* instead of *Nutella*, and denied Plaintiffs' request to include administrative costs in the Rule 7 bond amount.

properly included in a Rule 7 bond is consistent with the vast majority of district court decisions within the Third Circuit that have considered the costs that may be included in a Rule 7 bond. *See, e.g., In re Certainteed Fiber Cement Litig.*, 2014 WL 2194513, at * 4 ("[M]ost decisions within this Circuit that have considered this question have decided that a bond imposed under Rule 7 cannot secure costs associated with continued administration of a settlement fund or damages caused by delay incident to an appeal."); *In re Diet Drugs* 2000 WL 1665134, at * 5 ("[C]osts under Rule 7 are limited to the costs enumerated under Federal Rules of Appellate Procedure 7 and 39 and 28 U.S.C. § 1920."); *In re Insurance Brokerage Antitrust Litig.*, 2007 WL 1963063, at *5 ("following the rational set forth in *Hirschensohn*" in omitting attorneys' fees from a bond amount).

In summary, this Court will continue to follow the lead of the vast majority of district courts within this Circuit, as well as the Third Circuit's *Hirshensohn* decision, in declining to account for the anticipated administrative costs in the Rule 7 bond. The Court will grant Plaintiffs' motion to order Mark Ray to post a bond; however, the amount of the bond will be limited to the Rule 39 costs of Ray's appeal.

## CONCLUSION

For the above reasons, this Court will impose a bond on the Objector in the amount of $15,000. This Court finds that this amount will adequately secure Plaintiffs' costs on appeal and does not pose an unreasonable bar to Ray's continued pursuit of his appeal.

**IT IS SO ODERED.**

DATED:        August *3rd*, 2016

                                                                            _____
                                                                            JOSE L. LINARES, U.S.D.J.